STATE OF FLORIDA, ex rel. EDWIN K. TULLIDGE, *Relator,* vs. S. G. HOLLINGSWORTH, J. D. RABORN, W. M. ROWLETT, N. A. BALTZELL, J. E. CRUMP, THOS. C. HUTSON, J. M. MANN, E. C. PEEK, T. D. VASSAR, CARL WILLIAMS, C. E. TUMLIN, as State Board of Medical Examiners of Florida, *Respondents.*

138 So. 372.

En Banc.

Opinion filed December 9, 1931.

*Wallace F. Perry,* for Relator;
*Waller & Pepper,* for Respondents.

PER CURIAM.—Alternative Writ of Mandamus was granted by this Court directed to the State Board of Medical Examiners commanding them to restore the name of relator, Edwin K. Tullidge to the roll as a legally licensed doctor, physician and surgeon in the State of Florida and to reinstate his license as such and set aside and vacate the order heretofore made by them revoking the license of said Edwin K. Tullidge. A motion to quash the alternative writ was seasonably entered.

The motion to quash invokes the provisions of section thirteen, chapter 12285 Acts of 1927, being section 3415 Compiled General Laws of Florida, 1927, as a bar to relief on behalf of relator, it being contended that said act provides a complete and adequate remedy peculiar to causes of this kind.

Section 3415 Compiled General Laws of Florida, 1927, provides for revoking, suspending or annulling the license of practitioners of medicine in this state. After enumerating the grounds for such revocation or suspension, the statute defines the procedure to be followed in these terms:

"Proceedings for revocation of a license or the annulment of registration shall be begun by filing written charge or charges against the accused. These charges may be preferred by any person or corporation or the board may, on its own motion, direct the executive officer of said board to prefer said charges. Said charges shall be filed with the secretary-treasurer of said board: upon the filing of said charges as herein provided, a time and place for the hearing of said charges shall be fixed by said board as soon as convenient, and a copy of the charges, together with a notice of the time and place when they will be heard and determined shall be served upon the accused at least ten days before the date actually fixed for said hearing. At said hearing, the accused shall have the right to cross-examine the witnesses against him, and to produce witnesses in his defense, and to appear personally or by counsel. Said board may,

upon satisfactory proof made that any licentiate has been guilty of any of the charges against him, suspend such licentiate from the practice of medicine, and call in the license of said licentiate, upon a two-thirds majority vote of the board: Provided however, that such suspended physician may have the proceedings of said board reviewed by certiorari to the circuit court of the circuit in which said license is recorded.''

The statute further provides that the accused may have a trial de novo before the circuit court and his guilt or innocence determined there according to the evidence and law applicable to the facts produced before him. Appeals to the supreme court are also provided in the same manner as appeals in chancery are taken.

There can be no doubt that the statute as above quoted and referred to provides a complete and adequate remedy other than mandamus for one aggrieved who has had his license to practice medicine revoked or annulled when such a result has been reached by a compliance with the terms of the statute. We do not however, hold that the remedy provided in the statute brought in question would under the circumstances presented in this case, offer the sole and exclusive relief for the accused. Ex Parte Beattie, 98 Fla. 785 and 885, 124 So. 459.

In the case at bar, it appears that charges were preferred against the relator and the time and place for hearing them were fixed as the law directs but so far as the record discloses no other attempt whatever was made to comply with the statute. It is not shown that a copy of the charges or notice of the time and place of hearing them was ever served on the accused, he was not given the right to confront his accusers and cross-examine the witnesses against him, or to produce witnesses in his defense or to appear personally or by counsel as the law provides. These rights are fundamental to the accused and their observance on the part of respondents is made mandatory but so far as the record shows they were completely ignored.

It appears that the respondents met at the time and place appointed and peremptorially struck the name of relator from the roll of those licensed to practice medicine in this state. In other words they "shot him on the ground" without giving him a chance for his defense. This procedure was contrary to the spirit of our institutions and directly opposed to the letter of the law governing such procedure.

Under the circumstances, there is nothing for the circuit court to review on which it could predicate its judgment. We think therefore that under the allegations of the petition for the alternative writ, the relator is entitled to have his name restored to the roll as prayed for in his petition subject to proper proceedings under the statute.

The motion to quash is accordingly overruled, and respondents given ten days to answer as they may be advised,

WHITFIELD, P.J., AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.