STATE OF FLORIDA, ex rel., EDWIN K. TULLIDGE, *Relator,* v. D. G. HOLLINGSWORTH, J. D. RABORN, W. M. ROWLETT, N. A. BALTZELL, J. E. CRUMP, THOS. C. HUTSON, J. M. MANN, E. G. PEEK, CARL WILLIAMS, C. E. TUMLIN, as State Board of Medical Examiners of Florida, *Respondents.*

146 S. 660.

Division A.

Opinion filed March 9, 1933.

608

*Wallace F. Perry,* for Relator.

*Waller & Pepper,* for Respondents.

TERRELL, J.—This is the second time this case has reached us for consideration. State ex rel. Tullidge v. Hollingsworth, et al., 103 Fla. 801, 138 So. 372. In the latter case motion to quash the alternative writ was overruled and respondents allowed to answer. The answer or return was duly filed and the cause now comes on to be disposed of on motion for peremptory writ notwithstanding the return. The cause grew out of the action of the State Board of Medical Examiners in cancelling the certificate of the relator to practice medicine in Florida.

Section 3415 C. G. L. of 1927 provides a full, complete and adequate procedure for suspending or annulling the license of a practitioner of medicine for the reasons stated. In fine, it requires that charges be preferred against the practitioner and that the time and place of hearing them by the State Board of Medical Examiners be determined and announced. It is also required that the accused be served with copy of the charges against him together with the time and place of hearing at least ten days prior thereto, at which time and place he shall have the right to cross examine the witnesses against him, to introduce witnesses in his defense and to appear personally or by counsel. Upon satisfactory proof of the charges the Board may by a two-thirds vote suspend him from the practice of medicine and revoke his license. The accused may on *certiorari* have the action of the Board reviewed by the Circuit Court of the circuit in which his license is recorded or he may demand a trial *de*

*novo* in the Circuit Court and have his guilt or innocence determined according to the law applicable to the charge produced against him. Unless the guilt of the accused shall be made to appear beyond a reasonable doubt, the court shall render its decision in his favor and restore him to full right to practice medicine under the law. Appeal lies from the Circuit Court to the Supreme Court under like restrictions as those applicable to chancery appeals.

In this state of the law it cannot be controverted that Chapter 3415 *supra* requires that the accused be given reasonable opportunity to be heard before the Board of Medical Examiners in his own defense, to confront the witnesses against him, to have witnesses in his own behalf, to be represented by counsel and to have his cause reviewed by both the Circuit Court and the Supreme Court if he can show ground for so doing.

The return discloses that charges were preferred against the accused and that the time and place for hearing them was determined as the law directs but otherwise the procedure followed was far from that required by the law as outlined herein. It is charged against the accused that he violated his oath in making application to the State Board of Medical Examiners to be examined as to his qualifications to practice medicine, in that he swore that he had never been convicted of a crime involving moral turpitude. He was also charged with intemperance in the practice of medicine but this charge appears to have been abandoned so it becomes immaterial.

The return further discloses that the crime involving moral turpitude of which the accused was convicted related to a charge of "scandalous conduct tending to the destruction of good morals," preferred against him in 1917 when he was an assistant surgeon in the United States Naval Re-

serve Force. He was tried on this charge by a court-martial, was convicted, sentenced and served a portion of a five-year sentence and then released. To support its judgment predicated on this charge and sentence, the Board had before it a transcript of the charge, the finding of the Judge Advocate and the sentence of the court-martial together with certain testimony taken by the State Attorney of the Eleventh Judicial Circuit of Florida in support of a criminal charge against the accused originating in Dade County but having no relation whatever to the charge under review. On consideration of those proofs the Board at the time and place designated peremptorily struck the name of the accused from the roll of those licensed to. practice medicine notwithstanding a request for continuance on the part of counsel, it having been shown that the accused was out of the state, his address unknown and that he had never been personally served with the charges preferred against him.

The evidence taken by the State Attorney on which the Board acted was taken before the charges were preferred against the accused and had nothing whatever to do with them. It was wholly irrelevant and immaterial under the circumstances. The return fails utterly to show sufficient grounds for voiding the allegations of the alternative writ, it does not show that the relator was served with the charges against him as the law directs or that he was given a chance to be personally present at the trial or to contest the sufficiency of the charge against him or to show whether he was in fact not guilty of fraud or had committed a crime involving moral turpitude.

We do not hold that legal services on the accused cannot be made by registered mail or that the accused can ignore or run away from such service with impunity, but we do hold that the Board has no right to proceed to the examination of

a cause till it has positive proof that service was made on the accused and reasonable time must be given to employ counsel and prepare his defense. Failure to observe any of these requirements and to leave the accused in position to have his case reviewed by the courts is a violation of the plain mandate of the law.

Moral turpitude involves the idea of inherent baseness or depravity in the private social relations or duties owed by man to man or by man to society. Holloway v. Holloway, 126 Ga. 459, 55 S. E. 191, 7 L. R. A. (N. S.) 272, 115 Am. St. Rep. 102, 7 Ann. Cas. 1164. It has also been defined as anything done contrary to justice, honesty, principle or good morals, though it often involves the question of intent as when unintentionally committed through error of judgment when wrong was not contemplated. Pullman Palace-Car Company v. Central Transport Co. 65 Feb. 158.

Courts-martial are created for specific purposes to try and punish infractions of the Army and Navy regulations and are supreme when acting within the sphere of their exclusive jurisdiction. The determination of a court-martial within its jurisdiction is not reviewable by civil courts. When one is brought before a civil court on the charge that he is restrained of his liberty by a court-martial the sole inquiry is whether the relator is regularly in custody and if the court-martial had jurisdiction of the charge. If these questions are answered in the affirmative, he is not entitled to relief. United States v. McDonald, 265 Fed. 754, *Ex Parte* Dickey, 204 Fed. 322; Dynes v. Hoover, 20 Howard, 65, 15 L. Ed. 838.

In the case at bar the accused contends that the charge on which his license was revoked was not warranted by Section 3415 C. G. L. of 1927, *Supra,* neither was the charge of "scandalous conduct tending to the destruction of good

morals" for which he was court-martialed and on which the instant charge was predicated, one involving moral turpitude as contemplated by the law under which his license was revoked. If either of these contentions is well grounded the charge falls and the revocation of the accused's license was without authority. At any rate the accused was entitled to have these questions adjudicated and it is conclusively shown that this was not done. As to whether or not the charge against the accused is vulnerable to either attack made on it we express no opinion because it is not presented in such a manner as would authorize us to do so. We merely hold that the procedure followed was without legal authority.

Respondents contend that the evidence against relator was so conclusive that no other result could have been reached, that they are all very busy men, needed at home by their patients and that no good purpose could have been served or different result reached if relator had been present and represented by counsel and had had the questions raised by counsel in his defense adjudicated.

This may all be true but the matter of depriving one of his means of support which is a sacred right to the accused, and should be considered seriously. The Board is vested with this grave responsibility and is required to give due consideration to the rights of the accused before condemning him. The law prescribes definite and specific requirements for doing this and if these requirements are not followed the law is meaningless and is no longer a rule of conduct to govern the high and low alike.

The motion for peremptory writ is, therefore, granted.

Davis, C. J., and Ellis, J., concur.

Whitfield, P. J., and Brown and Buford, J. J., concur in the opinion and judgment.