STATE, *ex rel.* CHARLES W. PAGE v. S. G. HOLLINGSWORTH, *et al.*, as State Board of Medical Examiners.

157 So. 887.
Opinion Filed November 19, 1934.

C. M. Cox, for Relator;

James N. Daniel, for Respondents.

DAVIS, C. J.—Page, a licensed physician, was confined in State's prison serving a sentence for felony when charges were instituted against him before the Florida State Board of Medical Examiners having for their object the revocation of his license to practice medicine. The record of the State Board of Medical Examiners recites that Dr. Page was not present nor represented by counsel when his license was ordered revoked, and that at the time he was serving à sentence in the penitentiary for stealing an automobile.

The only showing of service or attempted service of a copy of the charges upon him as required by Section 3415 C. G. L., Section 5, Chapter 12285, Acts 1927, is the presence in the record of a registered mail receipt appearing to be signed by Dr. Page, but which in his petition for mandamus Page avers was signed by him without knowing its purport, when presented to him for signature at the prison to which it was sent by the secretary of the Florida State Board of Medical Examiners. The Board's return to the alternative writ of mandamus does not negative the essential allegation of the alternative writ which is to the effect that relator had no notice of the pendency of the charges brought against him for revocation of his license.

In State, ex rel. Tullidge v. Hollingsworth, 108 Fla. 607, 146 Sou. Rep. 660, this Court held that positive proof of service on an accused physician was essential to the jurisdiction of the Florida State Board of Medical Examiners

to proceed with the hearing of charges prepared for revocation of license of such physician under Section 3415 C. G. L. It was also held in that case that mandamus would be granted to restore the physician to his pre-existing status until the requirements of the statute in this particular should be complied with, where it is made to appear that the proper notice was not served upon a physician debarred by the Board under the statute giving it such power.

Under Section 8580 C. G. L., 6243 R. G. S., all process to be served within the precincts of the State prison must be directed to and served upon the Commissioner of Agriculture as Supervisor of the State Prison in addition to being served upon the particular prisoner named therein. The purpose of such statute is to insure that a State prisoner shall have an opportunity to defend himself by having the Commissioner of Agriculture as his official State guardian advised of the nature and contents of process served upon prisoners within the precincts of the State Prison.

Section 3415 C. G. L. provides that process shall be issued to an accused physician advising him of the time and place of hearing charges that may lead to the revocation of his license as a physician. While any sort of actual service on the accused physician is sufficient, whether by registered mail or otherwise when made upon free persons, Section 8580 C. G. L., 6243 R. G. S., *supra,* governs the service of process upon all persons within the precincts of the State Prison, and includes physicians in State Prison who are proceeded against under Section 3415 C. G. L.

In the present case the relator is entitled to proper service of notice of the charges preferred against him, before his license can be legally revoked. This he has not had because no copy of the notice sent to him in prison was served upon the Commissioner of Agriculture as required by Section 8580 C. G. L., *supra.* Had such service been made upon

the Commissioner he may have arranged for a postponement in the prisoner's behalf or he may have produced the prisoner before the Board to defend himself.

Where positive proof of legal service of charges instituted before the Florida State Board of Medical Examiners under Section 3415 C. G. L. is not shown by the record to have been served upon an accused physician, the State Board of Medical Examiners is without jurisdiction to proceed to revoke the physician's license and an attempted order made under such circumstances will be set aside on mandamus brought to restore the physician to his pre-existing rights until the statute is complied with.

Peremptory writ of mandamus awarded.

WHITFIELD, ELLIS, BROWN and BUFORD, J. J., concur.

TERRELL, J., not participating.