SMITH, FRANK A., Associate Judge.
This is an appeal from a rule absolute in prohibition.
The appellee is a licensed funeral director and embalmer. The State Board of Funeral Directors and Embalmers for Florida, on January 8, 1957, gave appellee written notice of a public hearing to be held in the Highlands County Court House to determine whether his licenses should be revoked. The complaint, sworn to by the secretary of the board, charged appellee with engaging agents to solicit business for him in violation of F.S. § 470.12, paragraph 2, subparagraph (h), F.S.A. It also charged violation of F.S. § 470.12, paragraph 1, subparagraph (f), F.S.A.; F.S. § *56 470.12, paragraph 2, subparagraph (j), F.S. A.; and F.S. § 638.16, F.S.A.
Appellee filed a motion for a bill of particulars and for continuance of hearing. A bill of particulars and an amended bill of particulars were filed. Appellee filed certain other motions which appear not to have been disposed of by the board.
On February 5, 1957, appellee filed in the Circuit Court for Highlands County a suggestion for writ of prohibition against the board. It also alleged, in effect, that the board had prejudged appellee to be guilty of the charges; that the complaint failed to charge any act that would be grounds for revocation of appellee’s licenses; and that appellee had exhausted all other legal means to keep the board from proceeding.
Motion to dismiss the suggestion was denied; and on February 28, 1957, a rule nisi in prohibition was entered. A petition for rehearing was denied on April 30, 1957.
On May 29, 1957, appellee moved for a rule absolute. The board then answered the suggestion, and appellee moved to strike the answer on grounds that it did not set up an adequate defense and that the facts alleged were in derogation of the order of April 30th denying the petition for rehearing. On June 10, 1957, the court struck the answer and entered a rule absolute in prohibition.
This appeal was then taken by the board.
It is alleged that the appellee delivered to J. J. McCausland of Avon Park, Florida, who was an employee of Liberty National Life Insurance Company, a letter dated July 25, 1956, addressed to Whom It May Concern, signed by appellee, and stating as follows:
“This is to certify that we are familiar with the emergency draft policy issued by the Liberty National Life Insurance Company, and that we will furnish for this $500.00 emergency draft, when properly endorsed, a complete funeral including preparation and' care, use of facilities and equipment, arranging and directing funeral, cloth covered casket and outside box, and opening and closing grave.”
It is also alleged that at the same time ap-pellee delivered his identification card and a funeral prearrangement contract, and that a copy of the letter was delivered at the same time to Mr. Foy Bronson, Mr. McCausland’s immediate superior. It is further alleged that Mr. McCausland, in trying to sell his insurance policies, exhibited the letter, card, and contract to prospective customers.
The complaint made against the ap-pellee attempted to charge violation of four different provisions of the statute governing the conduct of funeral directors and embalmers and that their violation was cause for the revocation or suspension of his license. From a careful examination of the allegations of the complaint with reference to the several portions of the statute charged to have been violated, it is found that of these only the violation of section 470.12 paragraph 2, subparagraph (h) would furnish ground for the revocation or suspension of the license. The Circuit Judge was correct in his ruling that they were insufficient to state a ground for revocation or suspension of license; in fact he ruled that the alleged violation of paragraph 2, subparagraph (h) was co-mingled with the other charges of the complaint so that it was only incidental to the other charges which he found to be insufficient. We find that the complaint requires examination to determine as to the sufficiency of that particular charge.
Before proceeding further it is important to determine whether resort may be had to the extraordinary remedy of prohibition to control or prevent the action of a Board such as the appellee and under what circumstances it may be invoked. As a general rule prohibition will only be granted in cases of great urgency, special emergency or absolute necessity. 73 C.J.S. Prohibition § 9 page 29.
*57 The case of State ex rel. Sbordy v. Rowlett, 125 Fla. 562, 170 So. 311, 312, was one in which writ of prohibition was granted, it there being held that where the State Board of medical examiners was acting without jurisdiction or was exceeding its jurisdiction in not proceeding in accordance with essential requirements of law, common-law processes, including remedy by prohibition, are proper. There the Court in discussing the applicable remedies against action by a board or commission and with particular reference to use of prohibition referring to the case of State ex rel. Swearingen v. R. R. Commission of Florida, 79 Fla. 526, 84 So. 444, 445, quoted therefrom as follows, to wit: “lies against any person or persons assuming to exercise judicial or quasi judicial power, although not strictly or technically a court.”
In the Rowlett case, supra, our court adverted to its holding in the case of Curtis v. Albritton, 101 Fla. 853, 132 So. 677, to the effect that the writ of prohibition is the counterpart of mandamus in the manner in which it operates, being negative, while mandamus is positive in its commands, and that in the following cases writs of mandamus against the respondent board have been sustained (State ex rel. Tullidge v. Hollingsworth, 103 Fla. 801, 138 So. 372; Id., 108 Fla. 607, 146 So. 660; State ex rel. Page v. Hollingsworth, 115 Fla. 851, 156 So. 286; Id., 117 Fla. 288, 157 So. 887) and went on to declare its holding that in cases where the respondent board is acting without jurisdiction or is not proceeding in accordance with the requirements of law, those common-law processes adapted and designed to restrain such lack of jurisdiction or excessive use of power, including the remedy of prohibition, are proper, citing State ex rel. Crabtree v. Porter, 111 Fla. 621, 149 So. 610.
We will now consider the charges as contained in the complaint made against the appellee as set forth in toto to which were added a bill of particulars and an amended bill of particulars. Appellant relies upon these to clarify and fortify the complaint; and, while the Court finds that the particulars so furnished may better inform the appellee of the nature of the charges against him, yet they do not cure the vices found in the complaint and the institution of the proceedings.
In the case of Hickey v. Wells, Fla., 91 So.2d 206, 209 (text) the Court commented, “there is no procedure before this Board for requesting bill of particulars, or for requesting, before a hearing, a list of witnesses. * * * Without rules or statutory provisions, it is likely that no means exist to accomplish such objects before this Board. * * * The procedures adopted before the courts for the solution of similar problems cannot be grafted on administrative proceedings by implication. While 'due process’ requires a procedure for disclosure, for example, or else specific accusation, it does not require both. Under the circumstances of the present case, a specific accusation is necessary.” Even if any effect may be given to a bill of particulars it does not serve to amend the complaint and render it sufficient and correct the irregular procedure as shown in the complaint.
In order to determine whether the board was exceeding its jurisdiction in not proceeding in accordance with the essential requirements of law in such event prohibition is a proper remedy. State ex rel. Sbordy v. Rowlett, 125 Fla. 562, 170 So. 311, 313 (text), let us examine the complaint filed against the appellee and ascertain how well it complies with the statute under which the proceeding is had.
The complaint was under oath by the secretary of the Board and states that in accordance with the direction of the Board he has investigated certain charges against James M. Stevenson and based upon said investigation it appears to the Board that James M. Stevenson has employed, retained or otherwise engaged agents to solicit business for him in violation of Section 470.12, *58 paragraph 2, subparagraph (h). It then sets out other portions of said Section and that such actions (alleged violations) constitute a violation of Section 638.16; that the Board has investigated said charges and based upon said investigation it appears to it that the said violations (those previously alleged) constitute grounds for revocation or suspension of said James M. Stevenson’s license. It is further stated that the board had set a day and place for a public hearing to determine whether or not said license should be revoked or suspended because of said violations.
The Act provides that when so directed by a majority of the members of the Board the secretary may make the complaint charging the licensee with any of the acts set forth in Section 470.12, whereupon the Board shall conduct an investigation; and if from said investigation it shall appear to the Board that there is reasonable ground for belief that the accused licensee may have been guilty of the violations charged, a day shall be set by the Board for a public hearing to determine whether or not the license of the accused shall be revoked or suspended.
The secretary then serves the accused with a copy of the written complaint and notice of hearing, thus the proceeding is instituted.
By analyzing the complaint we find that in certain respects it did not comply with the requirements of the statute as will be hereinafter pointed out.
Instead of the Board’s conducting an investigation it is alleged that the secretary investigated the charges.
Upon the investigation by the Board and its finding upon such investigation reasonable ground for belief that the accused may have been guilty of the violations charged, it should set the date for the hearing; but instead it is alleged that based upon the investigation it appears to the board that the violations (those enumerated and charged) constitute ground for revocation or suspension of the license of said? James M. Stevenson. Instead of its appearing to the board that there is reasonable ground for belief that the violations-constitute grounds for revocation or suspension it should have appeared to the-board from its investigation that there was-reasonable ground for belief that the accused licensee may have been guilty of the violations charged.
Substantially the statute provides for the actual charge to be leveled against the accused and the hearing on the issue of revocation or suspension of the license to be based upon probable cause. This basis-must be found by the board from its investigation of the charges set out in the-complaint (made by the secretary in this instance). The provision for probable cause as an essential to the proceeding' is couched in the language “and, if, from-such investigation conducted by the board, it shall appear to the board that there is-reasonable ground for belief that the accused licensee may have been guilty of the-violations charged” etc.
As pointed out by appellee the complaint sets forth all the various steps required by the statute for institution of proceedings or bringing before the board for hearing (tantamount to a trial) at one and the same time. Appellee thought it was impossible to comply with the requirements of the statute as set forth in the complaint.. Certainly the complaint and particulars are-so comingled as to cause confusion and’ uncertainty.
After a careful appraisal of the allegations of the complaint, it is found that there was no sufficient charge of a violation of the statute providing for a revocation or suspension of appellee’s license, so that the case falls within and is controlled by the rule that has been adopted and followed by our Supreme Court to the effect that prohibition will be granted to protect the licensee against further proceeding against him.
*59 Finding no reversible error committed by the eminent trial judge therefore the judgment is affirmed.
KANNER, C. J., and SHANNON, J., concur.