BOYER, Judge.
This case is before us on Suggestion for Writ of Prohibition filed by the relator against the respondent, the Florida State Board of Dentistry. The relator alleges in her suggestion for the writ, inter alia, that she is not and never has been a party to any cause or proceeding before the respondent, nor is she, nor has she ever been, an applicant for, or a holder of, a license to practice dentistry or any other trade, calling, or profession, the regulation or supervision of which is vested in the respondent. She further alleges that on January 24, 1974, a deputy sheriff of Broward County served upon her a writing or document purporting to be a subpoena signed by the secretary-treasurer and the attorney for the respondent. A copy of that document is attached to the suggestion. It commands the relator to appear before the respondent at a time and place therein designated, reciting that failure to appear may result in the relator being in contempt of court. It is pertinent to here note that the said “subpoena” does not bear any style or heading, nor does it recite any proceeding pending before the respondent board, nor the nature of the matters to be discussed, nor the nature of the questions to be answered or asked. The suggestion further alleges that upon relator’s attorney conversing with the respondent’s attorney, relator’s attorney was advised that no cause nor proceeding relating to F.S. Section 466.08, F.S.A., was being held by the respondent, but rather that the “subpoena” had been issued and served upon relator to compel her to give an account to the respondent of a certain newspaper article which had been written by the relator and published in the Fort Lauderdale News, *630 which article the respondent felt to be libelous of it.
Upon considering said suggestion for writ of prohibition, this court issued its rule nisi returnable at a time certain. At the appointed time, both relator and respondent appeared, through their respective attorneys of record, for oral argument.
The jurisdiction of this court is sought to be invoked pursuant to Rule 4.5, Florida Appellate Rules, 32 F.S.A., 1962 Revision, and Sections 466.25 and 120.31, F.S.A., and Article V, § 4(b) (2), of the Constitution of the State of Florida, F.S.A.
Respondent admits that the “subpoena” was not issued pursuant to any of the powers or duties vested in respondent by F.S. 466.08, F.S.A., nor any of the matters contemplated by that statute, but contends that it derives its power to issue subpoenas and to conduct investigations by virtue of F.S. Sections 466.11 and 466.33, F.S.A.; contending that it has the duty and power to conduct investigations generally to determine whether there have been violations of the provisions of F.S. Chapter 466, F.S.A.
Black’s Law Dictionary, 4th Edition, defines the term and word subpoena as follows :
“Subpoena. (Lat. Sub,' under, poena, penalty). A process to cause a witness to appear and give testimony, commanding him to lay aside all pretenses and excuses, and appear before a court or magistrate therein named at a time therein mentioned to testify for the party named under a penalty therein mentioned. Alexander v. Harrison, 2 Ind.App. 47, 28 N.E. 119, 121.
“This is called distinctively a subpoena ad testificandum.
“A mandatory writ or process directed to and requiring one or more persons to appear at a time to come and answer the matters charged against him or them. Gondas v. Gondas, 99 N.J.Eq. 473, 134 A. 615, 618.
“The writ of subpoena was originally proceeding in courts of common law to enforce attendance of witness, but was used in chancery for same purpose as citation in courts of civil and canon law, to compel appearance of defendant and to require him to answer plaintiffs allegations on oath. Gondas v. Gondas, 99 N.J.Eq. 473, 134 A. 615, 618.” [Emphasis supplied]
The respondent concedes that the document entitled a subpoena may be defective in form, but insists that the respondent-board, or any member thereof, has the power to subpoena citizens to appear before it for the purpose of investigating matters beyond the scope of the powers and duties set forth in the eleven subsections of Florida Statute 466.08, F.S.A. That statute provides as follows:
“Organisation, powers, duties, etc., of board. — The board shall exercise, subject to the provisions of this chapter, the following powers and duties:
“(1) The board shall organize annually by electing one of its members as chairman, one as vice-chairman, and one as secretary-treasurer. The board may appoint or employ such other personnel, including but not limited to an executive director as may be necessary to assist the board in doing and performing all of its powers, duties and obligations as set forth in this act; provided, however, that all duties and responsibilities delegated to the executive director by this act or by the board shall be performed by the executive' director under the direction and authorization of the board. The executive director shall be a graduate of an accredited college of dentistry. The board shall adopt such rules for its government as it may deem proper and shall adopt and use a corporate seal. It shall meet at least once a year, and more frequently if necessary, at such times and places as it may from time to time designate.
*631 “(2) Conduct examinations to ascertain the qualifications and fitness of applicants for licenses to practice dentistry and for licenses to practice dental hygiene.
“(3) Prescribe rules and regulations for examination of candidates.
“(4) Formulate rules and regulations by which dental schools and colleges, dental hygiene schools and colleges, schools of dental technology and dental auxiliary programs shall be approved.
“(5) Conduct hearings on proceedings to revoke or suspend, and revoke or suspend, a license, license certificate, renewal certificate or dental laboratory registration certificate granted under the authority of this chapter or previous laws, when evidence has been presented showing violation of any of the provisions of this chapter by the holder of such license, license certificate, renewal certificate, or laboratory registration certificate.
“(6) Conduct proceedings relative to the issuance or reissuance of licenses, license certificates, renewal certificates or dental laboratory registration certificates which have been revoked or suspended by board order.
“(7) Grant licenses, issue license certificates, renewal certificates or dental laboratory registration certificates in conformity with this chapter to such applicants as have been found qualified.
“(8) Issue permits for dental internes, institutional dentists and nonprofit corporations in conformity with this chapter to such applicants as have been found qualified.
“(9) Make such rules and regulations as are necessary to carry out and make effective the provisions of this chapter.
“(10) Establish educational and training requirements for dental auxiliaries and dental hygienists which meet the standards accredited by the Council on Dental Education of the American Dental Association.
“(11) Promulgate such rules and regulations in regard to those dental services, procedures, and duties that may be delegated to dental auxiliaries, including dental hygienists, as may be appropriate and necessary under the provisions of this chapter.”
Respondent relies primarily on the provisions of Florida Statute 466.11, F.S.A. contending that the powers therein provided are in addition to, and not necessarily to be exercised within the confines of, the powers and duties prescribed in Florida Statute 466.08, F.S.A., above quoted.
Florida Statute 466.11, F.S.A., provides as follows :
"Power of board to administer oaths; issue subpoenas, service; penalty for refusing to obey subpoena or order. — Any board member or its executive director shall have the power to administer oaths, take affirmations of witnesses, issue sub-peonas and send for persons or papers, and to compel the attendance of witnesses, the production of all necessary papers, books, records, documentary evidence and materials, in any hearing, investigation, accusation or other matter coming before the board. The sheriffs of the several counties of the state or other officers authorized to serve process shall serve any subpoena or other order issued by the board member or executive director of the board and shall receive for such service the fees provided for like service to be paid on certification of such member or authorized person from any funds in the hands of the board. If any person refuses to obey any subpoena, process or order issued by the board, the said board may certify this fact to the circuit court of the judicial circuit wherein such proceedings are being held and it shall be the duty of the court to require such person to appear before it and show *632 cause why he should not be adjudged in contempt, and, if upon hearing, the court shall find such person to be in contempt the court shall deal with such person as provided in § 466.42.”
Respondent also relies upon the provisions of Florida Statute 466.33, F.S.A., which provides as follows:
"Enforcement of chapter; duty of board. —-“(1) The board and its executive director shall assist prosecuting officers in the enforcement of this chapter and it shall be the duty of the board and its executive director to furnish the prosecuting officer with such evidence as it may ascertain, to assist him in the prosecution of any violation of this chapter, and the board is authorized for that purpose to make such reasonable expenditures from the funds in its hands as it may deem necessary in ascertaining and furnishing such evidence.
“(2) The board shall be authorized to deputize agents, investigators or other dentists to enforce any of the provisions of this chapter or any rule or regulation promulgated by the board. Any agent, investigator or other person authorized by this chapter shall have all the powers in making arrests and entering premises as are given to all peace officers in this state insofar as it is necessary to assist him in carrying out the purpose and intent of this chapter.”
The essential issue to be resolved by this court is whether, under the law of the State of Florida, a writ of prohibition should be issued (to use the traditional language: “whether the rule should be made absolute”) or whether the rule nisi should be discharged, thereby placing the relator on the horns of the dilemma of either responding to the command of the “subpoena” and thereupon give testimony or evidence in a proceeding which she alleges to be beyond the jurisdiction of the respondent, or to refuse to obey the subpoena under peril of being held in contempt in accordance with the last sentence of Florida Statute 466.11, F.S.A.
Without further ado, this court here and now recites and holds that notwithstanding the apparent mandatory language contained in the last sentence of Florida Statute 466.11, F.S.A., above quoted, a citizen may not be held in contempt, and thereupon punished, upon failing or refusing to obey any subpoena, process or order of respondent or any other administrative agency until after he or she shall have first been afforded an opportunity for a hearing before a court of competent jurisdiction and until after that court shall have ordered obedience to such subpoena, process or order of such administrative agency, and such court order shall have been disobeyed.
Respondent also urges that each of its members, acting individually, enjoys the powers accorded by Florida Statute 466.11, F.S.A. We concede that the first clause of that statute may appear to be subject to such construction. However, the statute must be read in pari materia with the rest of the statute, and, indeed, with the entire chapter. In this regard we point out the proviso contained in F.S. 466.08(1), F.S.A., which provides in material part as follows:
“. . . provided, however, that all duties and responsibilities delegated to the executive director by this act or by the board shall be performed by the executive director under the direction and authorization of the board . . . .” [Emphasis supplied]
Florida Statute 466.10, F.S.A., clearly anticipates that the respondent may act only as a board, and transaction of business may be accomplished only by a quorum.
Further, even Florida Statute 466.11, F. S.A., upon which respondent relies, limits the powers there vested to hearings, investigations, accusations, and other matters “coming before the board”. [Emphasis added]
*633 The Supreme Court of Florida had occasion to consider a situation factually similar to the case sub judice in State ex rel. Sbordy v. Rowlett, 125 Fla. 562, 170 So. 311. In that case written charges were filed with the respondent, the State Board of Medical Examiners, against the relator, a practicing physician, seeking the revocation of the relator’s license. Notice was duly served upon the relator by the respondent-board of a time and day fixed for a hearing on said charges. Prior to that date, the relator applied to the Supreme Court for a rule nisi in prohibition and the rule issued. The Supreme Court found that the charges against the relator were so vague as to justify interposition by the courts, and a permanent writ of prohibition was issued.
In first discussing whether the remedy of prohibition in such circumstances was proper, the court said:
“The first question raised is whether or not the remedy by prohibition is proper. See section 3404 et seq., Compiled General Laws of 1927, chapter 8415, Laws 1921, as amended by chapter 12285, Laws of Florida 1927; ancl in State ex rel. Williams v. Whitman et al., State Board of Dental Examiners, 116 Fla. 196, 150 So. 136, 156 So. 705, 707, 95 A.L.R. 1416, this court, speaking through Mr. Chief Justice Davis, said: ‘In so far as the legal weight and effect to be accorded administrative decisions of a quasi legislative or quasi executive character is concerned, the decisions are clear that the courts will not review them for mere errors of procedure or erroneous conclusions of fact, where the administrative agency in arriving at its decision violated no rule of law and the record as an entirety does not show an abuse of the delegated authority, or arbitrary or unreasonable action. * * *
“ ‘But regardless of the apparently conclusive force and effect that the courts have heretofore accorded to the findings and decisions of administrative agencies acting in a quasi legislative or quasi executive capacity, singly or in combination with each other, it is certain that the function and prerogative of deciding finally the law and the facts of an actual controversy bearing upon a vested legal right sought to be divested or impaired in a proceeding initiated under statute before an administrative tribunal is, in its last analysis, a pure judicial power, the exercise of which is subject to review in courts of competent jurisdiction having power to issue the writs and processes whereon legal review of official acts of other tribunals or bodies can be had.
“ ‘To the extent therefore that an administrative statutory tribunal or agency is vested with statutory power to make decisions having a judicial character or attribute, as distinguished from mere exercise of delegated legislative or executive functions under the law, resort may be had to the courts of the land for the purpose of review, whether any special method of appeal be provided or not, and in such cases the courts of general jurisdiction to whom complaint is addressed against an alleged improvident, erroneous, or unjustified administrative decision shown to divest or impair some vested legal right, unless abrogated or modified, will grant an aggrieved party relief against quasi judicial decisions of such administrative agencies, by means of those available common-law processes adapted and designed to be used by the courts to restrain excessive or unauthorized exercises of powers on the part of subordinate jurisdictions or quasi judicial tribunals.’ And in State ex rel. Swearingen v. Railroad Commission of Florida, 79 Fla. 526,84 So. 444, 445, this court said that the writ of prohibition ‘lies against any person or persons assuming to exercise judicial or quasi judicial power, although not strictly or technically a court.’ It must also be borne in mind that in Curtis v. Albritton, 101 Fla. 853, 132 So. 677, we said that the writ of *634 prohibition is the counterpart of mandamus in the manner in which it operates, being negative, while mandamus is positive in its commands, and that in the following cases, writs of mandamus against the respondent board have been sustained: State ex rel. Tullidge v. Hollingsworth, 103 Fla. 801, 138 So. 372; Id., 108 Fla. 607, 146 So. 660; State ex rel. Page v. Hollingsworth, 115 Fla. 851, 156 So. 286; Id., 117 Fla. 288, 157 So. 887. So that we hold that in cases where the respondent board is acting without jurisdiction or is exceeding its jurisdiction in not proceeding in accordance with the essential requirements of law, those common-law processes adapted and designed to restrain such lack of jurisdiction or excessive exercise of power, including the remedy by prohibition, are proper. State ex rel. Crabtree v. Porter, 111 Fla. 621, 149 So. 610.” [At pages 312 and 313]
In Edgerton v. International Company, Sup.Ct.Fla.1956, 89 So.2d 488, a restaurant owner filed a suggestion for writ of prohibition in the circuit court, alleging that the Hotel and Restaurant Commission of the State of Florida was without jurisdiction to suspend or revoke his license because the proceedings were not commenced within sixty days after the cause for suspension arose as required by a controlling statute. The circuit court issued rule nisi and, after hearing, its writ of prohibition. On appeal to the Supreme Court of Florida, the issuance of the writ by the circuit court was affirmed, the court saying:
“Statutory authority given to administrative officers must be exercised in accordance with the requirements of controlling provisions and principles of law. Atlantic Coast Line R. Co. v. State, 106 Fla. 278, 143 So. 255. In 42 Am.Jur., Public Administrative Law, Sec. 68, the following statement is found: ‘Administrative authorities are creatures of statute and have only such powers as the statute confers on them. Their powers must be exercised in accordance with the statute bestowing such powers, and they can act only in the mode prescribed by statute. If a power or duty is imposed upon him jointly or as a body, it may not be exercised by them acting individually and separately. They cannot rightfully dispense with any of the essential forms of proceedings which the legislature has prescribed for the purpose of investing them with power to act. A commission may not assert the general power given it and at the same time disregard the essential conditions imposed upon its exercise. Officers must obey a law found upon the statute books until in a proper proceeding its constitutionality is judicially passed upon.’ Also, see State ex rel. Railroad Com’rs v. Louisville & N. R. Co., 62 Fla. 315, 57 So. 175; State ex rel. Railroad Com’rs. v. Southern Telephone & Construction Co., 65 Fla. 270, 61 So. 506; McRae v. Robbins, 151 Fla. 109, 9 So.2d 284. And there must be some basis in a statute for the exercise of jurisdiction and power involved in making an order. State ex rel. Burr v. Jacksonville Terminal Co., 71 Fla. 295, 71 So. 474. If there is a reasonable doubt as to the lawful existence of a particular power that is being exercised, the further exercise of the power should be arrested. State v. Atlantic Coast Line R. Co., 56 Fla. 617, 47 So. 969, 32 L.R.A.,N.S., 639.” [At page 489 and 490]
In Grissom v. State, Fla.App.(2d) 1958, 104 So.2d 55, a licensed funeral director sought a writ of prohibition against the State Board of Funeral Directors and Embalmers forbidding it to proceed against him with respect to charges which the board claimed were grounds for revocation of license. The circuit court issued the writ and appeal was taken to the District Court of Appeal. That court held that where the charges were insufficient to sustain a revocation or suspension of license under the statute prohibition would be granted to protect the licensee against further proceedings against him. Important *635 to our consideration is the following language taken from that opinion:
“Before proceeding further it is important to determine whether resort may be had to the extraordinary remedy of prohibition to control or prevent the action of a Board such as the apipellee and under what circumstances it may be invoked. As a general rule prohibition will only be granted in cases of great urgency, special emergency or absolute necessity. 73 C.J.S. Prohibition § 9 page 29.
“The case of State ex rel. Sbordy v. Rowlett, 125 Fla. 562, 170 So. 311, 312, was one in which writ of prohibition was granted, it there being held that where the State Board of medical examiners was acting without jurisdiction or was exceeding its jurisdiction in not proceeding in accordance with essential requirements of law, common-law processes, including remedy by prohibition, are proper. There the Court in discussing the applicable remedies against action by a board or commission and with particular reference to use of prohibition referring to the case of State ex rel. Swearingen v. R. R. Commission of Florida, 79 Fla. 526, 84 So. 444, 445, quoted therefrom as follows, to wit: ‘lies against any person or persons assuming to exercise judicial or quasi judicial power, although not strictly or technically a court.’
“In the Rowlett case, supra, our court adverted to its holding in the case of Curtis v. Albritton, 101 Fla. 853, 132 So. 677, to the effect that the writ of prohibition is the counterpart of mandamus in the manner in which it operates, being negative, while mandamus is positive in its commands, and that in the following cases writs of mandamus against the respondent board have been sustained (State ex rel. Tullidge v. Hollingsworth, 103 Fla. 801, 138 So. 372; Id., 108 Fla. 607, 146 So. 660; State ex rel. Page v. Hollingsworth, 115 Fla. 851, 156 So. 286; Id., 117 Fla. 288, 157 So. 887) and went on to declare its holding that in cases where the respondent board is acting without jurisdiction or is not proceeding in accordance with the requirements of law, those common-law processes adapted and designed to restrain such lack of jurisdiction or excessive use of power, including the remedy of prohibition, are proper, citing State ex rel. Crabtree v. Porter, 111 Fla. 621, 149 So. 610. [At pages 56 and 57]
* * * * * *
“In order to determine whether the board was exceeding its jurisdiction in not proceeding in accordance with the essential requirements of law in such event prohibition is a proper remedy. State ex rel. Sbordy v. Rowlett, 125 Fla. 562, 170 So. 311, 313 (text), let us examine the complaint filed against the appel-lee and ascertain how well it complies with the statute under which the proceeding is had.” [At page 57]
It is noted that in each of the cases above cited the administrative agency was prohibited from proceeding in a specific proceeding against a specific individual. If prohibition is the appropriate remedy in such cases, and the abovementioned courts have held that it is, then a fortiori it is proper 'and appropriate in the case sub ju-dice in which the respondent is carrying on an alleged “investigation” involving no specified persons, no specified charges and seeking to require the relator to appear at an undesignated hearing for unrevealed purposes under pain of contempt.
We find no provision in F.S. Chapter 466, F.S.A., nor elsewhere, for such unbridled powers.
There must be some basis in a statute for the exercise of jurisdiction and power involved in the making of an order by an administrative agency. (State ex rel. Burr v. Jacksonville Terminal Co., 71 Fla. 295, 71 So. 474.)
*636 If there is a reasonable doubt as to the lawful existence of a particular power which is being exercised, the further exercise of the power should be arrested. (State v. Atlantic Coast Line Railroad Company, 56 Fla. 617, 47 So. 969, 32 L.R.A.,N.S., 639.)
It is shocking, indeed frightening, to the delicate sensibilities of anyone schooled in the American concept of constitutional rights to ponder the possibilities or probabilities which could result from power vested in an appointed administrative board, not responsible to the electorate, authorizing it to require by subpoena, under threat of contempt, a citizen to appear before it for an unspecified purpose in an undesignated proceeding to give evidence or testimony in an unidentified cause for unspecified reasons. Such shock or fright is elevated to sheer horror when one learns, as is alleged in the affidavit filed in this cause in support of the suggestion, that the “proceeding” is in secret behind closed doors with the press and citizenry excluded, and conducted not by the board but one member thereof. Shades of star chamber!
It is our view that the powers and duties of the respondent are provided and circumscribed by Florida Statute 466.-08, F.S.A.; and that the powers and duties enumerated elsewhere in said chapter, including Florida Statute 466.11 and Florida Statute 466.33, F.S.A., are only such additional powers and duties as are necessarily incident to the discharge of the powers and duties granted by Florida Statute 466.08, F.S.A. We do not conceive that the respondent is a seven-man grand jury with authority to carry on unbridled investigations.
Administrative bodies have no common law powers. They are creatures of the Legislature and what powers they have are limited to the statutes that create them. (Florida Industrial Commission v. National Trucking Company, Fla.App.(1st) 1958, 107 So.2d 397, and St. Regis Paper Co. v. State of Florida, Florida Air and Water Pollution Control Commission, Fla.App. (1st) 1970, 237 So.2d 797).
Section 4(b) (2) of Article V of the Constitution of the State of Florida provides that District Courts of Appeal shall have the power of direct review of administrative action, as prescribed by general law. Florida Statute 120.31, F.S.A., provides that District Courts of Appeal shall have jurisdiction to review final orders of an administrative agency and further that, “when appropriate, a party may attack an adverse order by mandamus, prohibition or injunction”.
Florida Statute 466.25(4), F.S.A., provides for jurisdiction in this court, by cer-tiorari, of applications for relief from any order of the board suspending or revoking the license or registration certificate of dentists and other persons therein named.
We find, therefore, that this court does in fact have jurisdiction to issue a writ of prohibition in this cause and that such a writ is a proper and appropriate remedy.
In so finding, however, we carefully point out that to some degree our jurisdiction is concurrent and not exclusive. Article V, Section 5(b), of the Constitution of Florida provides that circuit courts shall have the power of direct review of administrative action prescribed by general law. Florida Statute 466.11, F.S.A., specifically provides that if any person refuses to obey any subpoena, process or order issued by the board, the said board may certify that fact to the circuit court of the judicial circuit wherein such proceedings are being held and the circuit court is given authority to require the appearance of such person to show cause why he should not be adjudged in contempt, and to require compliance with such subpoena, process or order. As hereinabove recited, that provision cannot be construed to authorize immediate contempt proceedings against a person who has disobeyed a subpoena, process or order of the board; but it does *637 authorize proceedings in the circuit court to require the person served with the subpoena, process or order to show cause why he should not comply therewith and should the circuit judge, after hearing, find that no cause exists, then he may order compliance under pain of contempt; or, of course, if he finds good cause to appear, he may excuse obedience and discharge the rule or dismiss the proceeding. Although the statute is couched in such language as to suggest resort to the circuit court only after a person has refused to obey a subpoena, process or order of the board, it is out interpretation that the language is broad enough to vest jurisdiction in the circuit court to consider initial proceedings instituted by either the board or by the person contesting the subpoena, process or order, prior to disobedience, to test the propriety or validity of such subpoena, process or order. We also feel that such would have been the better procedure to have followed in the case sub judice.
For the reasons above stated, the permanent writ of prohibition is now awarded and the rule nisi is made absolute.
This decision is predicated upon the matters herein recited and is not to be construed as a holding that the relator may not be legally subpoenaed to appear before the respondent, properly constituted, in a proceeding contemplated by the powers and duties of the respondent as provided in Florida Statute 466.08, F.S.A. That question is not now before us.
RAWLS, C. J., concurs.
SPECTOR, J„ dissents.