QUESTION: Does the head of the Department of Professional and Occupational Regulation, pursuant to s. 20.30(5), F. S., have the discretion to permit some boards and commissions to continue to employ their own license renewal forms?
SUMMARY: A uniform license renewal form which has been established by the Bureau of Records Administration may be employed by the Board of Nursing and the Real Estate Commission if such a form is consistent with the renewal requirements of Chs. 464 and 475, F. S., respectively, but the secretary may not require that either board issue the uniform license renewal form. Your predecessor stated that all boards and commissions within the Department of Professional and Occupational Regulation have converted to the use of a uniform renewal license, with the exceptions of the Board of Nursing and the Real Estate Commission. As to these two boards, no appreciable monetary savings would be effected by use of the uniform license because of the large quantity of licenses issued by each board and because only a wallet card is issued; the display portion of the uniform license would be wasted and inconvenient. The Board of Nursing also requires different colored licenses to distinguish registered nurses from practical nurses. Your question is answered in the affirmative, subject to the following qualifications. The Department of Professional and Occupational Regulation was created by the Government Reorganization Act of 1969, pursuant to a Type II transfer. Sections 20.30 and 20.06(2), F. S.; AGO 074-133. Type II transfers reserve to the transferred agency the authority to "independently exercise the other powers, duties and functions prescribed by law, including . . . licensing, regulation and enforcement," while directing the head of the department to exercise the functions of "the collection of license fees and other revenues, payroll, procurement, and related administrative functions." The legislative allotment of powers, duties, and functions between the department and the various licensing agencies is mandatory. The statutory use of the word "shall" effectively deprives the head of the department of the authority to engage in the activities which are reserved to the agency, and vice versa. Where the enumeration of specific things in a statute is followed by a more general word or phrase, then the general phrase is construed to refer to a thing of the same kind or species as included within the preceding limits and more confining terms. State ex rel. Wedgworth Farms, Inc. v. Thompson, 101 So.2d 381 (Fla. 1958). Since s. 20.06(2), F. S., mandates that "the collection of license fees . . . and related administrative functions shall be exercised by the head of the department," and also mandates that the agency transferred "shall independently exercise the other powers, duties, and functions prescribed by law, including . . . licensing," the question to be determined is whether the issuance of the license renewal form is a "related administrative function" to be included in the preceding limits and more confining terms set out in the statute, such as the collection of license fees and other revenues, or whether the issuance of the license renewal form by a particular board or commission is a power, duty, or function prescribed by the enabling statute of that agency or included within the provisions of the term "licensing." Section 20.30, F. S., which creates the Department of Professional and Occupational Regulation, also establishes, as a bureau within that department, the Bureau of Records Administration. Section 20.30(4)(a), F. S. At s. 20.30(5), F. S., we find that the head of the department has the discretion to assign to that bureau the function of establishing a "uniform renewal license form for all boards and commissions." The establishment of a uniform license renewal form, while not clearly included in those related administrative functions which shall be exercised by the head of the department, is a specific function which may be assigned to the bureau. However, once such a form is established, does the secretary or the bureau have the authority to require that all boards and commissions within the department issue or use the same form? Both the Board of Nursing and the Real Estate Commission operate pursuant to their own enabling statute, e.g., Ch. 464 and Ch. 475, F. S., respectively. A review of the pertinent sections of these two chapters would seem to indicate that the duty of license renewal by the agency involves much more than a simple administrative function related to the collection of license renewal fees. For instance, s. 464.051(3)(b) provides that one of the duties of the board is to "[e]xamine, license, and renew the license of each duly qualified applicant," (Emphasis supplied.) and s. 464.21(2) imparts a quasijudicial character to the function of license renewal by giving the board the authority to refuse to renew the license of a licensee who is in prison or adjudicated incompetent. Section 475.20, F. S., provides that renewal licenses shall be issued "upon written request, on a form provided by the commission or the department," (Emphasis supplied.) while s. 475.01(10), F. S., states that the certificate initially issued by the commission "and renewed annually thereafter as long as renewals thereof shall be granted" is to be "prepared according to the regulations and bearing the seal of the commission." In contrast to the above, s. 475.11, F. S., mandates that all moneys (including license and license renewal fees) received by the commission "shall be paid to the chief of the Bureau of Records Administration of the Division of General Services of the Department of Professional and Occupational Regulation." Section 475.20, F. S., was amended by s. 8, Ch. 75-184, Laws of Florida, to make the source of the written form for requesting license renewal discretionary. That is, the license renewal request may be on a form "provided by the commission or the department." This is the most recent expression of the intent of the Legislature and indicates that, while the department has the discretion to direct that the Bureau of Records Administration establish a uniform license form, there is no authority to require the agencies within the department to use that same form, especially since "licensing" is a function specifically reserved to the transferred agency under s. 20.06(2), F. S. The discretionary authority of the secretary to assign to the bureau the function of establishing a uniform license renewal form is not tantamount to the authority to order, direct, or require the various boards and commissions to use or issue the uniform license renewal form, as there may be some additional requirement involved with the license renewal function imposed by a particular enabling statute and, therefore, specifically reserved to said board or commission by s. 20.06(2). With the present status of the statutory law, as outlined above, and in the absence of specific statutory authority vesting the power in the secretary to determine the contents and terms of licenses and renewal of licenses, the effect of s. 20.30(5)(c), F. S., is simply to authorize the secretary to direct that the Bureau of Records Administration establish a uniform license renewal form which may or may not be used by the various boards or commissions within the department. If there is a reasonable doubt as to the lawful existence of a particular power which could be exercised by an administrative agency, the exercise of that power should be arrested. State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974). Although the use or issuance of a uniform license renewal form established by the Bureau of Records Administration may be adopted by a particular board or commission, neither the secretary nor the bureau should attempt to require the use of such forms.