QUESTIONS: 1. Does Ch. 120, F. S., apply to the development of "personnel policies" of the Department of Health and Rehabilitative Services? 2. Do the "waivers" provided under s. 11 of Ch. 75-48, Laws of Florida, exempt the department from the procedures required under Chs. 120 and 110, F. S.? 3. Do the personnel policies relating to adversely affected employees developed by the department comply with the provisions of s. 110.061, F. S.?
SUMMARY: The Department of Health and Rehabilitative Services is not exempt from the rulemaking requirements of Ch. 120, F. S., the Administrative Procedure Act; however, it does not appear that the department has the statutory authority to promulgate general personnel rules. Section 11(3), Ch. 75- 48, Laws of Florida, grants a limited exemption from the Department of Administration oversight, but only for personnel rules dealing with the classification of authorized positions, and only for the fiscal year 1975- 1976. Therefore, the question of whether or not the department has the authority to adopt personnel rules in this area of classification of positions is practically moot, since the notice requirements of s. 120.54 cannot be met in the time remaining in fiscal year 1975-1976 in order to adopt valid rules. There is no express or implied exemption from Ch. 120 in Ch. 75-48. The department is governed by the personnel rules set out in Ch. 22A, F.A.C., with regard to the provisions of s. 110.061, F. S. AS TO QUESTION 1: The Department of Health and Rehabilitative Services is an "agency" within the meaning of the Administrative Procedure Act (Ch. 120, F. S.). Section120.52(1)(b); AGO's 075-6 and 076-50. For this reason, the provisions of the Administrative Procedure Act do apply to the department, and the rulemaking procedures established in s. 120.54
must be followed by the department in order to adopt valid administrative rules. However, no agency has inherent rulemaking authority (s. 120.54[13]); to the extent that an agency is authorized by law to adopt administrative rules, the substance and the purpose of those administrative rules is limited by the legislative grant of rulemaking authority. See generally, AGO 075-94 and cases cited therein, especially: St. Regis Paper Co. v. State of Florida, Florida Air and Water Pollution Control Commission, 237 So.2d 797 (1 D.C.A. Fla., 1970); City of Cape Coral v. G.A.C. Utilities, Inc., 281 So.2d 493 (Fla. 1973); State ex rel. Greenberg v. Florida State Board of Dentistry,297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974).
A "rule" is defined in s. 120.52(14), F. S., to mean "each agency statement of general applicability that implements, interprets, or prescribes law or policy or describes the organization, procedure, or practice requirements of an agency." Expressly removed from the definition of "rule" are internal management memoranda which do not affect either the private interests of any person or any plan or procedure important to the public. Section 120.52(14)(a). It should be noted that I have previously indicated that L H Bulletins issued by the Department of Insurance are rules as defined in the Administrative Procedure Act and as such must be adopted pursuant to the prescribed statutory procedures of the act in order to be effective. Attorney General Opinion 075-12. If the personnel policies to which you refer interpret and implement the practices of the department regarding promotion, evaluation of employees, suspension, termination, layoff, and related matters, and if such policies implement personnel laws, they would appear to come within the definition of "rule" in the Administrative Procedure Act, as did the L H Bulletins promulgated by the Department of Insurance. However, it does not appear that the department has any general authority to adopt administrative rules with regard to personnel matters, except for the limited grant of rulemaking authority which is contained in s. 11(3) of Ch. 75-48, Laws of Florida. Section 20.05(5), F. S., grants authority to the head of the department to promulgate rules: pursuant and limited to the powers, duties, and functions transferred herein and . . . pursuant and limited to the powers, duties, and functions enacted hereby. Section 2, Ch. 75-48, describes the purposes of the department and delineates the powers of the secretary, the head of the department. Nowhere do I find a grant of legislative authority to adopt rules regarding personnel matters. The Division of Administrative Hearings has initially determined that this type of material is a rule (Stevens v. Department of Health and Rehabilitative Services and Department of Administration, Case No. 75-2024R, Order dated April 26, 1976). Since the matter is currently being appealed, I will follow my long-standing policy and not comment any further on matters under litigation. However, I will say that the department is clearly subject to the rulemaking requirements of Ch. 120, F. S., to the extent that is authorized by the Legislature to enact rules; without the legislative authority to enact rules dealing with personnel policies, the department cannot do so. AS TO QUESTION 2: Section 11, Ch. 75-48, Laws of Florida, requires the Department of Health and Rehabilitative Services to accomplish the departmental reorganization mandated by Ch. 75-48 within existing resources and appropriations and to effectuate the required internal reorganization prior to July 1, 1976. In addition, and notwithstanding the provisions of s. 216.351, F. S., the department may transfer appropriated funds within the department to more effectively administer authorized and approved programs. Section 216.351 specifies that subsequently enacted laws which are inconsistent with Ch. 216, F. S., dealing with planning and budgeting by the Department of Administration shall supersede the provisions of Ch. 216 "only to the extent that they do so by express reference to this section." Therefore, by specifically referring to s. 216.351, Ch. 75-48 has provided for an exemption from Ch. 216 which would otherwise prescribe the planning and budgeting requirements for the Department of Health and Rehabilitative Services as determined and administered by the Department of Administration. Further, s. 11(3), Ch. 75-48, Laws of Florida, specifies that the department is authorized for fiscal year 1975-1976 to "add, delete, classify, reclassify, and transfer authorized positions within the department and to establish new classifications of positions." The purpose of this authority is to "administer more effectively its authorized and approved programs." This authority for personnel action is granted to the department notwithstanding the provisions of s. 216.351, F. S., referred to above, and notwithstanding the provisions of s. 110.022, F. S., which relate to the powers and duties of the Department of Administration in personnel matters. However, the exemption from s. 110.022, F. S., is limited by the statute to that portion of s. 110.022 which deals with the classification of positions, since the section of the statute in question is a grant of authority to "add, delete, classify, reclassify, and transfer authorized positions within the department," in spite of the Department of Administration oversight provided for in ss. 110.022 and 216.351, F. S. Section 11(3), Ch. 75-48, Laws of Florida, has given the Department of Health and Rehabilitative Services authority in one limited area dealing with the classification of positions, which is a personnel matter normally handled by the Division of Personnel of the Department of Administration pursuant to s. 110.022. I note also that this limited waiver of oversight by the Department of Administration ceases at the end of fiscal year 1975-1976. To the extent that the waiver of ss. 110.022 and216.351 restrictions is a grant of authority to the Department of Health and Rehabilitative Services, and in the absence of a waiver of the rulemaking requirements set out in Ch. 120, F. S., the department may be considered to have received a limited authority to adopt rules regarding classification of position personnel policies for one year. However, the question would seem to be moot, as there is not enough time left in the fiscal year 1975-1976 to comply with the notice and rulemaking requirements contained in s. 120.54, F. S. In any event, the authority granted by s. 11(3), Ch. 75-48, Laws of Florida, is definitely limited by that section to matters regarding the classification of authorized positions. AS TO QUESTION 3: Section 110.061, F. S., requires that the Department of Administration establish rules and procedures for the suspension, reduction in pay, transfer, layoff, demotion, and dismissal of employees in the Career Service System. Since the Department of Health and Rehabilitative Services is exempt only from the rules established by the Department of Administration dealing with the classification of authorized positions, the Department of Health and Rehabilitative Services continues to be governed by the other provisions of s. 110.022, F. S., and by the provisions of s. 110.061 with regard to personnel matters. Any "policies" which the department uses must conform to the rules of the Division of Personnel, Department of Administration, Ch. 22A, Florida Administrative Code.