Mr. Brian Flaherty Chairman Pinellas County Housing Authority The Dean S. Robinson Administration Building 11479 Ulmerton Road Largo, Florida 33778
Mr. Ronald Duffey Chairman Dunedin Housing Authority 11479 Ulmerton Road Largo, Florida 33778
Dear Mr. Flaherty and Mr. Duffey:
You ask substantially the following question:
How may a county housing authority exercise jurisdiction within an existing municipality whose housing authority lacks the financial capability to deliver services?
In sum:
A county housing authority and a municipal housing authority may join or cooperate with one another by resolution or may enter into an interlocal agreement in order to facilitate the continuance of services within the municipal authority's jurisdiction.
You state that five housing authorities currently operate within Pinellas County. Each was created pursuant to Chapter 421, Florida Statutes. According to your letter, the Dunedin Housing Authority lacks sufficient means to make capital improvements to its dwelling facilities. In order to facilitate the continuance of services provided by the Dunedin Housing Authority, it has been proposed that the Dunedin Authority be absorbed into the Pinellas County Housing Authority. There is some question, however, as to jurisdictional limitations upon such action.
Section 421.27, Florida Statutes, provides for the creation in each county of a public body corporate and politic to be known as the "housing authority" of the county.[1] The area of operation of a county housing authority is "all of the county for which it is created except that portion of the county which lies within the territorial boundaries of any city as defined in the Housing Authorities Law . . . ."[2] In each city, there is created a public body corporate and politic to be known as the "Housing Authority" of the city.[3]
Section 421.11(1), Florida Statutes, states:
"Any two or more housing authorities may join or cooperate with one another in the exercise, either jointly or otherwise, of any or all of their powers for the purpose of financing, including the issuance of bonds, debentures, notes or other obligations and giving security therefor; planning; undertaking; owning; constructing; operating; or contracting with respect to a housing project or projects located within the area of operation of any one or more of said authorities. For such purpose, an authority may by resolution prescribe and authorize any other housing authority or authorities, so joining or cooperating with it, to act on its behalf with respect to any or all such powers. Any authorities joining or cooperating with one another may by resolutions appoint from among the commissioners of such authorities an executive committee with full power to act on behalf of such authorities with respect to any or all of their powers, as prescribed by resolutions of such authorities."
Subsection (2) of 421.11, Florida Statutes, further provides that any county housing authority may enter into an interlocal agreement with one or more local governing bodies pursuant to the provisions of section163.01, Florida Statutes, with respect to projects or programs located within the county or an adjacent county, and any city housing authority may enter into such an agreement with respect to projects or programs located within the county.[4]
Thus, the Legislature has specified the manner in which a housing authority may operate outside its jurisdiction, thereby precluding the exercise of such powers in any other manner.[5] As a statutorily created public agency, housing authorities may only exercise such powers as are expressly granted or by implication necessary to carry out the express authority granted them by statute.[6]
I have not found, nor have you directed my attention to, any other provisions in Chapter 421, Florida Statutes, that would authorize the merger of an existing municipal housing authority into a county housing authority.[7]
Accordingly, it is my opinion that a municipal housing authority and a county housing authority may by resolution join or cooperate with each other or may enter into an interlocal agreement as a means to allow the county authority to assist the municipal authority in its continued operation.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 421.27(1), Fla. Stat., provides that a county housing authority may exercise its powers and transact business only when the governing body of the county has passed a proper resolution declaring the need for a county housing authority.
[2] Section 421.27(3), Fla. Stat.
[3] Section 421.04(1), Fla. Stat., provides that a city housing authority may not transact business or exercise powers until passage of a proper resolution by the governing body of the city declaring a need for an authority to function in such city.
[4] Section 163.01(4), Fla. Stat., authorizes a public agency of this state to exercise jointly with any other public agency of the state "any power, privilege, or authority which such agencies share in common and which each might exercise separately."
[5] See, Alsop v. Pierce, 19 So.2d 799, 801 (Fla. 1944) (express statutory direction as to how a thing is to be done is implied prohibition of its being done in any contrary manner).
[6] See, State ex rel. Greenberg v. Florida State Board of Dentistry,297 So.2d 628, 634 (Fla. 1st DCA 1974) (administrative agencies are creatures of statute and have only such powers as statutes confer); FiatMotors of North America, Inc. v. Calvin, 356 So.2d 908, 909 (Fla. 1st DCA 1978).
[7] Cf., s. 421.261, Fla. Stat., providing for the continuance of a municipal housing authority when a municipality is abolished in a county having a population in excess of 400,000.