Glenn J. Bailey Columbia County Sheriff Lake City
QUESTION:
May the sheriff's department purchase, by law (s. 943.25[5], F. S.), gym equipment, so that law enforcement officers may stay physically fit, from the Minimum Standards School Fund of Columbia County?
SUMMARY:
The governing body of a county may purchase gym equipment for its law enforcement officers from additional cost assessments for law enforcement education expenditures under the Police Standards and Training Commission's interpretation of s. 943.25(5), F. S., provided that there is an existing organized educational training and development program, approved by the commission, that will utilize such equipment for the physical training and development of law enforcement officers as part of the overall educational training and development program for such officers and the governing body of the county has lawfully budgeted and appropriated funds for such purpose.
At the outset it should be noted that it is the duty and responsibility of the governing body of a county to budget and make appropriations for and approve, authorize, and account for the disbursement and expenditure of public funds, including those funds collected pursuant to s. 943.25(5), F. S. See generally, Chs. 129 and 218, F. S. Section 943.25(5), as amended by Ch.77-174, Laws of Florida, provides:
 Municipalities and counties may assess an additional $1, as aforesaid, for law enforcement education expenditures for their respective law enforcement officers. (Emphasis supplied.)
This section was formerly contained in part IV, Ch. 23, F. S. 1973, as s. 23.105. See ss. 13 and 8, respectively, Ch. 74-386, Laws of Florida, which repealed s. 23.105 and enacted the same provision as s. 943.25(5), F. S., as part of the Department of Criminal Law Enforcement Act of 1974. You indicate in your letter that the `minimum standards school fund of Columbia County' was created pursuant to this statutory provision.
Under s. 943.12, F. S., the Police Standards and Training Commission [hereinafter the commission], created pursuant to s.943.11, F. S., is authorized to establish, inter alia, uniform minimum standards for the training and employment of police officers. See also s. 943.14(4), F. S., which provides that
 [a]ll training and educational subjects which are taught, instructed, or used in any law enforcement schools or in any private police training school shall first be approved in writing by the commission.
And see s. 943.17 which provides that the commission shall prescribe the curricula and standards for advanced and specialized training courses and programs. The Division of Standards and Training [hereinafter the division] of the Department of Criminal Law Enforcement is charged with the responsibility of establishing and supervising, as approved by the commission, an advanced and highly specialized training program for the purpose of training police officers and support personnel in the prevention, investigation, detection, and identification of crime and, upon request, instructing law enforcement agencies in such highly advanced and specialized areas. See s. 943.25(1), F. S. To accomplish this objective, the department may be contract or agreement authorize any state university, community college, or other organization to provide training for, or facilities for training, peace officers, which training shall include, but not be limited to, police techniques in detecting crime, apprehending criminals, and securing and preserving evidence. Section943.25(9). See also s. 943.10, F. S., which defines a private police training school as a school devoted wholly or in part to instruction in police services, police administration, police training, police education, and law enforcement. The expenses of these programs are funded in part by the assessment and collection of $1 as court costs against every person convicted of violating a state criminal or penal statute or county or municipal ordinance not related to the parking of vehicles. Section 943.25(3), as amended by s. 1, Ch. 77-119, Laws of Florida. See AGO 077-59 which generally discusses the funding of these programs. The assessment of the additional $1 by counties or municipalities `for law enforcement education expenditures' for law enforcement officers essentially is subject to the same conditions and limitations as set forth in s. 943.25(3) and (7). See s. 943.25(5) which provides that the additional $1 may be assessed by counties and municipalities `as aforesaid' for law enforcement education expenditures. See also s. 943.14(4) requiring that all training or educational subjects taught in law enforcement schools be first approved in writing by the commission.
Section 943.25(5), F. S., clearly provides that the assessment of the additional $1 by counties and municipalities is for lawenforcement education expenditures for the law enforcement officers of the respective counties and municipalities. Under the rule of statutory construction `expressio unius est exclusioalterius,' the mention of one thing excludes the other, the expenditure of the moneys collected pursuant to s. 943.25(5) is limited to the purpose expressly set forth in the statute — law enforcement education. See Dobbs v. Sea Isle Hotel, 56 So.2d 341
(Fla. 1952). See also AGO 076-64 holding that the $1 cost assessment imposed pursuant to s. 943.25(5) may be expended only for law enforcement education for law enforcement personnel.
What constitutes a valid law enforcement education expenditure for the purposes of s. 943.25(5), F. S., has not been legislatively or judicially defined; education, however, is generally defined as the act or process of providing knowledge, skill, or competence or the development and expansion of knowledge ordinarily by a course of formal study or instruction. Webster's Third International Dictionary p. 723; see also Black's Law Dictionary p. 604 (`Acquisition of all knowledge tending to train and develop the individual.'). Section 943.25(1) provides for the establishment and supervision by the division of advanced and highly specialized law enforcement training programs `in the prevention,investigation, detection and identification of crime . . . .' (Emphasis supplied.) See s. 943.10(5) which defines a private police training school to mean:
 . . . any private school, corporation, or institution, for profit or not for profit, devoted wholly or in part to instruction, by correspondence or otherwise, in police services, police administration, police training, police education, and law enforcement, which awards any type of certificate, diploma, degree or recognition for attendance, graduation, study, or participation to students, enrollees, or participants. . . . (Emphasis supplied.)
This office has previously considered for what purposes funds collected pursuant to s. 943.25(5), F. S., formerly s. 23.105, F. S. 1973, may be expended. In AGO 073-284, I concluded that such funds may not be used to provide additional funds to local government agencies for salaries; however, the funds may be used to purchase riot equipment for the training and development of the sheriff's department personnel, provided there is an organized educational training program utilizing such equipment for such training as a part of the sheriff's department's overall educational training program. Such equipment so used in an organized and approved training program has, in my opinion, a sufficient nexus with the training and role of a law enforcement officer in riot and crowd control.
The administrative construction or interpretation of a statute by the agency or body charged with its administration or enforcement is entitled to great weight and generally will not be overturned unless clearly erroneous. See, e.g., State ex rel. Biscayne Kennel Club v. Board of Business Regulation, 276 So.2d 823 (Fla. 1973); State v. Florida Development Commission, 211 So.2d 8 (Fla. 1968); and Heftler Construction Co. Subsidiaries v. Department of Revenue, 334 So.2d 129 (3 D.C.A. Fla., 1976). The commission is charged with the responsibility of approving the programs established for the training and education of law enforcement officers. See, e.g., s. 943.14(4), F. S., requiring that all training and educational subjects which are taught or used in law enforcement or police training schools be first approved in writing by the commission; s. 943.12(3), (4), and (5), F. S.; and s. 943.17(1)(a), F. S. See also AGO 074-134 holding that local law enforcement education programs for law enforcement officers should be submitted to the commission for approval under its minimum standards and specifications for the training and development of law enforcement officers in order to ensure that the funds collected pursuant to s. 943.25(5) are not expended in any unauthorized law enforcement education programs. I have been informed that the commission has determined that the expenditure of training and education funds under s. 943.25(5), F. S., to purchase physical fitness equipment, such as gym equipment, as part of a program designed to increase the physical fitness of local law enforcement officers constitutes a valid law enforcement education expenditure and the commission has, accordingly, approved such expenditures by the respective counties and municipalities. The commission, as the agency charged with the responsibility of approving law enforcement training and education programs, has considered that the term `law enforcement education expenditures' contained in s. 943.25(5) encompasses the expenditure of funds collected pursuant to the foregoing statute to purchase physical fitness equipment for law enforcement officers. Thus, in light of the commission's interpretation of this section and until judicially or legislatively determined to the contrary, it appears that the governing body of a county may budget, make appropriations for, approve, and authorize the disbursement of such funds for the purchase of gym equipment provided that there is an existing organized educational training and development program, approved by the commission, that will utilize the equipment for the physical training and development of law enforcement officers as part of the sheriff's department's overall educational training program. It should be noted, however, that while it is the general responsibility of the commission to establish minimum standards and curricular requirements for the training and physical fitness of law enforcement officers it is the duty and responsibility of the governing bodies of the affected counties and municipalities to approve or disapprove the expenditures from, and the appropriation of, the funds collected under s. 943.25(5) for such law enforcement education programs and purposes. See, e.g., ss. 943.12 and 943.13(6), F. S. Neither the commission nor the division has the authority to regulate the budgeting, appropriation, and expenditure of these funds as such matters are not within the statutory authority or duties of those agencies; see AGO 076-64; cf. State ex rel. Greenburg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla.), cert.dismissed, 300 So.2d 900 (Fla. 1974). The fiscal and budgetary procedures utilized by the municipality or county will, however, be governed by law and any applicable charter or ordinance provisions. Attorney General Opinion 076-64. See generally, Ch. 129, F. S.; s. 166.241, F. S.; and part III of Ch. 218, F. S. Thus, while the governing body of a county or municipality may budget, appropriate, and authorize the expenditure of these funds only for law enforcement education programs or purposes for its law enforcement officers as approved by the commission, it is the responsibility of the governing body of the county or municipality to determine and approve how these funds shall be disbursed or expended and for what purpose.
Prepared by: Joslyn Wilson, Assistant Attorney General