The Honorable Ann Robinson Supervisor of Elections Indian River County 1840 25th Street, Suite N-109 Vero Beach, Florida 32960-3394
Dear Ms. Robinson:
As Supervisor of Elections for Indian River County, you have asked my opinion on the following questions:
 1. Should the names of voters who are permanently exempt from jury duty be included when the supervisor of elections furnishes names to the clerk of court for jury purposes?
 2. Should the supervisor of elections furnish the names of voters who are 70 years of age or older who have given the supervisor's office a written request to be permanently exempt from jury duty?
 3. Does a judge have the authority to require the elections office to permanently exempt a voter from jury duty?
 4. Does the supervisor of elections have the authority to remove the permanent exemption from the voter record put in place by the supervisor's predecessor in office?
In sum:
 1. and 2. The supervisor of elections is authorized to remove names of disqualified electors from the registration books as provided in ss. 98.081, 98.201, 98.301, F.S. Information from the registration books is to be provided to the courts for jury purposes. The supervisor is not authorized to remove names of persons who are exempt or disqualified from jury service pursuant to s. 40.013, F.S., such as the names of those electors who are 70 years of age or older.
 3. In the absence of a request from a judge, no comment is expressed herein regarding the authority of a judge to permanently exempt a voter from jury duty.
 4. If a previous supervisor of elections removed the names of persons who are exempt from jury service pursuant to the criteria set forth in s. 40.013, F.S., such action was a nullity and is of no force and effect whatever.
Your questions are related and will be answered together.
The supervisor of elections derives his or her authority and responsibility from both the Constitution and the statutes.[1]
However, the supervisor's powers, like those of other constitutional county officers, must be fixed by law.[2] Such officers possess no inherent powers and can exercise only such authority as has been expressly or by necessary implication conferred upon them by law.[3] Further, the authority of public officers to proceed in a particular way or only upon specified conditions implies a duty not to proceed in any manner other than that which is authorized by law.[4] Thus, in the absence of an authorizing statute, it appears that the supervisor of elections may not, on his or her own initiative, take any action regarding the exemption or disqualification of jurors from the list of qualified voters provided to the clerk of court for jury purposes.
Pursuant to s. 98.211, F.S., the registration books maintained by the supervisor of elections are public records.[5] These registration books contain such information as the full name of the voter, his or her sex, party affiliation, date of birth, race, state or country of birth, and residence address at the time of registering.[6] While the registration books may be examined when they are in the custody of the supervisor, no copies or extracts from the books may be made except as specifically provided by this section.[7] The information provided pursuant to s. 98.211, F.S., shall be furnished to "[t]he courts for the purpose of jury selection. . . ."[8]
The supervisor is authorized to remove from the registration books the names of electors who are disqualified to vote by reason of conviction of any disqualifying crime, who have moved from the county or to another precinct without complying with the appropriate statutory requirements for a change in registration, or whose right to vote has become affected since his or her registration.[9]
In addition, the supervisor is specifically directed to remove from the registration books the names of voters who are deceased, convicted of a felony, or adjudicated mentally incompetent.[10]
It is a well-recognized principle of statutory construction that the mention of one thing implies the exclusion of another. Thus, when a statute enumerates the things upon which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned.[11]
Thus, a supervisor of elections is authorized to remove from the registration books the names of voters pursuant to ss. 98.081, 98.201, and 98.301, F.S., and such specific statutory authority implies that the supervisor may not remove or delete names from the registration books otherwise in the absence of additional authority.
As provided in Ch. 40, F.S., relating to jurors and payment of jurors and witnesses:
 The chief judge of each circuit, or a circuit judge in each county within the circuit who is designated by the chief judge, shall request the selection of a jury list in each county within the circuit during the first week of January of each year, or as soon thereafter as practicable. The chief judge or his designee shall direct the clerk of the court to select at random a sufficient number of names, with their addresses, from the list of persons who are qualified to serve as jurors under the provisions of s. 40.01 and to generate a list of not fewer than 250 persons to serve as jurors, which list shall be signed and verified by the clerk of the court as having been selected as aforesaid. . . . [12]
Qualified jurors are to be selected from "the male and female persons at least 18 years of age who are citizens of this state and who are registered electors of their respective counties."[13]
However, specific disqualifications from jury service for some persons are established by s. 40.013, F.S.:
 (1) No person who is under prosecution for any crime, or who has been convicted in this state, any federal court, or any other state, territory, or county of bribery, forgery, perjury, larceny, or any other offense that is a felony in this state or which if it had been committed in this state would be a felony, unless restored to civil rights, shall be qualified to serve as a juror.
 (2) Neither the Governor, nor any Cabinet officer, nor any sheriff or his deputy, municipal police officer, clerk of court, or judge shall be qualified to be a juror.
 (3) No person interested in any issue to be tried therein shall be a juror in any cause; but no person shall be disqualified from sitting in the trial of any suit in which the state or any county or municipal corporation is a party by reason of the fact that such person is a resident or taxpayer within the state or such county or municipal corporation.
The clerk is, by statute, required to select jurors from the pool of those who are qualified, i.e., those male or female persons at least 18 years of age who are citizens of Florida, who are registered electors in their respective counties, and who are not otherwise disqualified by s. 40.013, F.S.
Further, a number of exemptions are provided by the statute for which a prospective juror may be excused from jury service:
 (4) Any expectant mother and any parent who is not employed full time and who has custody of a child under 6 years of age, upon request, shall be excused from jury service.
 (5) A presiding judge may, in his discretion, excuse a practicing attorney, a practicing physician, or a person who is physically infirm from jury service.
 (6) A person may be excused from jury service upon a showing of hardship, extreme inconvenience, or public necessity.
 (7) A person who has served as a juror in any court in his county of residence within 2 years of the first day of January in the calendar year for which he is being considered may, upon request and submission of a sworn affidavit that such service has been rendered, be excused from jury service.
 (8) A person 70 years of age or older shall be excused from jury service upon request.
 (9) Any person who is responsible for the care of a person who, because of mental illness, mental retardation, senility, or other physical or mental incapacity, is incapable of caring for himself shall be excused from jury service upon request.[14]
It is generally recognized that the statutory right to be exempt from jury duty is in the nature of a personal privilege which may be waived by the person called for jury duty.[15] Whether a person drawn as a juror comes within an exemption is for the determination of the court. In making such a determination the usual practice is to examine the person claiming an exemption on his voir dire and receive his own statement as prima facie evidence which, if not controverted, is usually regarded as sufficient to justify his discharge.[16] Thus, a person coming within a statutory exemption would not be entitled to have his or her name permanently removed from the list of jurors but could claim his or her right to be excused from jury duty based on the factors set forth in s. 40.013, F.S., when called for jury duty.
Therefore, as supervisor of elections you are required to provide information contained in the registration books to the courts for the purpose of jury selection pursuant to s. 98.211, F.S. As supervisor of elections you are authorized to remove names from these records for the reasons stated in ss. 98.081, 98.201, and 98.301, F.S. The existence of an express power to remove names of voters from the registration books for these specified reasons implies that you may not delete or remove names otherwise. Any such action taken by your predecessors in office is void and without effect.[17]
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] See, Ch. 98, F.S., and s. 1(d), Art. VIII, State Const. 
[2] Section 5(c), Art. II, State Const. 
[3] State ex rel. Greenberg v. Florida State Board of Dentistry,297 So.2d 628 (1 D.C.A.Fla., 1974), cert. dismissed, 300 So.2d 900
(Fla. 1974).
[4] White v. Crandon, 156 So. 303, 305 (Fla. 1934); see also, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944).
[5] Section 98.211(1)(a), F.S.
[6] Section 98.111(1), F.S.
[7] Section 98.211(1), F.S.
[8] Section 98.211(2)(a), F.S.
[9] Section 98.201(1), F.S.
[10] See, s. 98.301(3), F.S.
[11] See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952).
[12] Section 40.02(1), F.S.
[13] Section 40.01, F.S.
[14] Section 40.013, F.S.
[15] Attorney General Opinion 58-25. And see generally, 50 C.J.S. Juries s. 153(b).
[16] 50 C.J.S. Juries s. 153(a).
[17] See, White v. Crandon, supra at footnote 4 (powers conferred on a public officer can be exercised only in the manner and under the circumstances prescribed by law and any attempted exercise thereof in any other manner or under different circumstances is a nullity); see generally 67 C.J.S. Officers s. 190 (the acts of public officers are binding only when they act within the scope of their authority).