QUESTION: Do ss. 490.14(3) and 490.15(8), F.S., empower the Florida State Board of Examiners of Psychology to promulgate rules which define and classify applicants and practitioners for specialty licensing and to issue licenses which denote such a specialty on their face?
SUMMARY: The Florida State Board of Examiners of Psychology does not have the implied power, under ss. 490.14(3) and 490.15(8), F.S., to promulgate rules which define and classify applicants and practitioners for specialty licensing, since such power has not been provided for in the Legislature's grant of authority. Your question is answered in the negative for the reasons discussed below. Section 490.14(3), F.S., describes the services that psychologists may provide once they have obtained a license and declares that such services are to be rendered "within the limits of their individual competence and preparation." (Emphasis supplied.) Thus, the onus has been upon the licensee himself to remain within the bounds of his academic training and competence. Section 490.27, F.S., empowers the board to enjoin violations of Ch. 490, F.S.; the board has the power to enjoin a licensee from practicing in an area which is outside the limits of his individual competence and preparation. This is essentially a post hoc, case-by-case determination by the board that a particular licensee should be limited to one or more areas of practice. Section 490.15(8), F.S., provides, inter alia: The board is authorized to make such rules and regulations not inconsistent with law as may be necessary to carry out the duties and authority conferred upon the board by this chapter and as may be necessary to protect the health, safety and welfare of the public. (Emphasis supplied.) This section limits the powers of the board. Its rules and regulations may only be addressed to the implementation of the specific duties and authority which the Legislature has conferred upon the board under Ch. 490. The Supreme Court of Florida spoke to this situation in Florida Welding and Erection Service, Inc. v. American Mutual Insurance Company of Boston, 285 So.2d 386, 388
(Fla. 1973), and said: The constitutional provision vesting legislative power (Fla. Const., art. III, s. 1) requires of course that only the Legislature shall establish the legislative policies and standards of the state. It is clear, however, that the Legislature may delegate to authorized officials and agencies the authority to promulgate subordinate rules within prescribed limits and to determine facts to which the established policies of the Legislature are to apply. What the Legislature may not delegate is the power to enact laws or to declare what the law shall be or to exercise unrestricted discretion in applying the law. (Emphasis supplied.) Even in the absence of s. 490.15(8), F.S., the board would be restricted in its activities to the statutory grant of authority to promulgate rules and determine facts which implement legislative policies as established in Ch. 490, F.S. In State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628,636 (1 D.C.A. Fla., 1974), the court said: Administrative bodies . . . are creatures of the Legislature and what powers they have are limited to the statutes that create them . . . [and] only such additional powers and duties as are necessarily incident to the discharge of the powers and duties granted. (See also AGO 074-250 and cases cited therein.) Since Ch. 490, F.S., does not specifically grant the board authority to issue specialty licenses, I conclude that the board is not empowered to do so by ss. 490.14(3) and 490.15(8). Nor does such an action on the part of the board fall within the class of duties which are necessarily incident to the discharge of the board's licensing duty. In AGO 058-193 one of my predecessors in office stated that, when there is no express statutory authority for agency action, agency action must be supported by implied power stemming from the general authority granted. To validly imply such an authority, the agency action "must be indispensable to the fulfillment of the legislative intent." In my opinion, one could not maintain that the issuance of specialty licenses is "indispensable to the fulfillment" of the Legislature's intent in enacting Ch. 490. See s. 490.13.