QUESTION: Does the Community Redevelopment Act of 1969 expressly or impliedly grant to a city the authority to sell, in condominium form, units developed under the general redevelopment plan?
SUMMARY: The Community Redevelopment Act of 1969 (ss. 163.330163. 450, F. S.) does not expressly or impliedly grant to a city the authority to sell in condominium form units developed under the general redevelopment plan. Municipalities are granted extensive powers under the Community Redevelopment Act (Part III, Ch. 163, F. S.) to carry out the purposes of the act. See ss.163.370, 163.375, 163.380, 163.385, and 163.420. A thorough perusal of the act discloses no express or necessarily implied authority for a municipality to sell, in condominium form, newly constructed units developed under the Community Redevelopment Act. Cf. ss. 163.335(2), 163.340(12)(b), 163.345, 163.370(1), (4)(a) and (b), (7)(a), and (8), and 163.380(1), (2), and (3), F. S. The municipality does have the authority, pursuant to s. 163.380(3), to temporarily operate and maintain real property acquired by it in a community development area pending disposition of the property as authorized in the act. In spite of broad "home rule" powers granted to municipalities by s. 2(b), Art. VIII, of the Florida Constitution and implemented by Ch. 166, F. S., the Community Redevelopment Act appears to be a preemption of the field, intending to inhibit the powers of a municipality except those expressly granted or necessarily implied therein. Cf. AGO 073-54 relating to the powers of a municipality under the Florida Beverage Law, Chs. 561-568, F. S. Moreover, the city redevelopment plan and the redevelopment project which is the subject of this opinion were not carried out under the authority of Ch. 166, but, presumably, the city adopted the resolution provided for in s.163.355, F. S., and proceeded to exercise the authority conferred by Part III of Ch. 163, F. S. And in areas such as this, if reasonable doubt should arise as to whether the municipality possesses a specific power, such doubt should be resolved against the municipality. Cf. City of Clearwater v. Caldwell, 75 So.2d 265
(Fla. 1954); City of Miami Beach v. Fleetwood Hotel, Inc.,261 So.2d 801 (Fla. 1972); State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974). The intent of the act, as expressed in s. 163.345, F. S., is to afford maximum opportunity to the rehabilitation or redevelopment of the community redevelopment area by private enterprise. Notwithstanding temporary retention and operation provided for under s.163.380(3), F. S., a municipality may retain property or an interest in such property in a community redevelopment only for public use. The contemplated project in St. Petersburg does not involve rehabilitation of a deteriorated building, nor is it a "guidance" or demonstration project. Section 163.370(1)(f), F. S. Therefore, the city is without authority to purchase or condemn property for the purpose of clearing it and building condominiums thereon and selling such condominium units to individuals. Your question is answered in the negative.