QUESTION: Is the West Orange Memorial Hospital Tax District statutorily authorized to own and operate an ambulance service in connection with its ownership and operation of a public hospital?
SUMMARY: The West Orange Memorial Hospital Tax District or its governing board of trustees is not authorized by its enabling statute (Ch. 26066, 1949, Laws of Florida) to establish, operate, and maintain an ambulance service in connection with its ownership and operation of a public hospital. Such authority may be granted only by, and must be procured from, the Legislature. Your question is answered in the negative. The West Orange Memorial Hospital Tax District was created by Ch. 26066, 1949, Laws of Florida, and is governed by a board of trustees appointed by the Governor. The enabling legislation, in pertinent part, empowers the board of trustees "to establish, construct, operate and maintain such hospital, or hospitals as in their (sic) opinion shall be necessary for the use of the people of said district," and declares the "construction and maintenance of such hospital, or hospitals, within said district . . . to be a public purpose." Section 5, Ch. 26066. It is the duty of the board to levy against the taxable property within the district a tax not to exceed two mills, to be "used by said Board . . . for the operation, maintenance and repair of the hospital, or hospitals, established as authorized by this Act." Section 14, Ch. 26066. Section 19 of Ch. 26066 vests the board with plenary authority to promulgate rules concerning the regulation of the hospital, or hospitals, and admissions of patients and fees or charges to be paid by patients who enter the hospital for treatment. It is the express legislative intent that Ch. 26066 be liberally construed for "accomplishing the work authorized and provided for by this Act." Section 20, Ch. 26066. The aforecited statutory provisions make it evident that the hospital district is empowered to own, operate, and maintain hospitals and is under a duty to use its tax revenues only for the operation, maintenance, and repair of the hospital or hospitals established and operated by the district board of trustees. Such activities are the only "work authorized and provided for by [the statute]" within the contemplation and scope of this opinion. Conversely, the statute makes it evident that the board of trustees of the hospital district does not have the authority or duty to acquire, own, and operate an ambulance service. It is a well-settled rule that statutory entities, such as this hospital district, possess only such authority as is delegated to them by law, i.e., such powers as are expressly given or necessarily implied because essential to carry into effect those powers expressly granted. They have no common-law powers, and what powers they have are limited to the statutes that create them. Forbes Pioneer Boat Line v. Board of Com'rs of Everglades Drainage District, 82 So. 346 (Fla. 1919); City of Cape Coral v. GAC Utilities, Inc. of Florida, 281 So.2d 493 (Fla. 1973). State v. Florida State Bd. of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974); also see AGO's 073-374, 074-272, 076-37, and 076-200. The establishment and operation of an ambulance service is not essential or necessary to carry out the duty and function of operating and maintaining a hospital, and I am unaware of any judicial authority holding that it is; nor is the establishment and operation of an ambulance service "work authorized and provided for by [Ch. 26066, supra]." Moreover, when a statute enumerates the things on which it is to operate, i.e., establishment and operation and maintenance of hospitals, or forbids certain things, it is ordinarily to be construed as excluding from its operation all things, such as the establishment and operation and maintenance of an ambulance service, not expressly mentioned therein. Thayer v. State,335 So.2d 815 (Fla. 1976); AGO 076-132. These same principles of law apply to the rulemaking power of the board with respect to the regulation of the hospital and the admission of patients and the fixing of charges to be paid by patients entering the hospital for treatment. The statute does not confer any authority on the board to charge and collect any fees for ambulance services to be rendered or to pay the costs of establishing, operating, and maintaining an ambulance service. Cf. s. 125.01(1)(e) and (q) and (3)(a), F. S., and AGO 076-73, holding that s. 163.633, F. S., does not prohibit the Legislature from enacting a special act creating a special district to provide fire protection and ancillary emergency services, such as ambulance services, to serve a populated but unincorporated area of a noncharter county. The authority to establish, operate, and maintain an ambulance service and to charge and collect fees for ambulance services rendered in connection with and as an integral part of the operation and maintenance of public hospitals by the hospital tax district may be granted only by, and must be procured from, the Legislature. Cf. Ch. 165, F. S., and AGO's 075-27 and 075-108. Applying the foregoing principles of law to the instant question, I conclude that this hospital tax district or its governing board of trustees is not authorized by its enabling statute to establish, operate, and maintain an ambulance service in connection with and as an integral part of its ownership, operation, and maintenance of a district hospital or hospitals.