Mike Evans Economic Developer Taylor County Development Authority
QUESTION:
Does the Taylor County Development Authority have the authority to contract with a private corporation for the lease of facilities which the authority would operate as a for-profit prison to house state and federal correctional prisoners?
SUMMARY:
The Taylor County Development Authority may finance the construction or improvement of a correctional facility and may lease or acquire property for that purpose. Once constructed, the facility must be leased or sold to a private entity.
This office was recently asked whether Taylor County could lease facilities for the purpose of operating a for-profit prison to house state and federal correctional prisoners. In AGO 92-10, this office concluded that absent specific legislative authority, the operation of a private for-profit prison to house state and federal prisoners only and not county prisoners did not appear to fulfill a county purpose or involve an exercise of the county governmental power. You now ask whether the Taylor County Development Authority may enter into such a lease.
The Taylor County Development Authority (authority) was created by special act to facilitate the planning for and development of Taylor County.[1] The authority is deemed to be a public corporation . . . which . . . may contract and be contracted with and sue and be sued in all courts of law and equity.[2]
The authority may or has the power to undertake projects which, as defined in the special act, include the acquisition of property and improvements "for development, expansion and promotion of industry, commerce, agriculture, natural resources, vocational training and the construction of buildings and plants for thepurpose of selling, leasing or renting such structures toprivate persons, firms or corporations."[3]
As an administrative agency, the authority possesses only such powers as have been granted by statute, and any reasonable doubt as to the lawful existence of a particular power should be resolved against its exercise.[4] Thus, the authority is expressly authorized to undertake projects to promote industry or commerce within the county and to construct building and plants for the purpose of selling or leasing such structures to private entities.
You refer to the Florida Industrial Development Financing Act (act), Part II, Ch. 159, F.S. The Supreme Court of Florida has stated that the act authorizes local agencies
 to acquire and construct a project for the purpose of promoting the industrial economy of the state, to increase opportunity for gainful employment and purchasing power, to improve living conditions and otherwise contribute to the prosperity and welfare of the state and its inhabitants and to finance the acquisition and construction of such projects by the issuance of revenue bonds.[5]
A local agency is defined for purposes of the act to include any "local governmental body existing or hereafter created pursuant to the laws of the state, the purpose for the creation of which could reasonably be interpreted to be consistent with the issuance of revenue bonds to finance the cost of projects within the meaning of" Part II, Ch. 159, F.S. The Taylor County Development Authority would appear to constitute such a local agency.[6]
Section 159.27(5), F.S., defines "[p]roject" as any capital project, including, among other things, a correctional or detention facility.[7] Local agencies have the power to acquire by purchase, lease, gift, or otherwise, any property, real or personal, for the construction, operation or maintenance of any project.[8] Moreover, such agencies may sell, lease, exchange, transfer or otherwise dispose of property.
The authority, therefore, is expressly authorized to contract, to acquire or lease property for the construction, operation or maintenance of a project, and to issue revenue bond to finance such a project as a correctional facility. Section 159.30(1), F.S., provides that a project acquired or constructed by a local agency, unless sold or contracted to be sold, shall be leased to one or more persons, firms, or private corporations for operation and maintenance in such manners as will effectuate the purposes of Part II, Ch. 159, F.S. The section, however, specifically provides that no project financed under the provisions of Part II, Ch. 159, F.S., shall be operated by the local agency or any other governmental agency.[9]
Thus, the Taylor County Development Authority is authorized to finance the acquisition and construction or improvement of a correctional facility which, once completed, may be sold or leased to a private entity. The authority, however, is prohibited from operating the facility financed under Part II, Ch. 159, F.S., or from selling or leasing the facility to any other governmental entity.
Accordingly, I am of the opinion that the Taylor County Development Authority may finance the construction or improvement of a correctional facility and may lease or acquire property for that purpose. Once constructed, the facility must be leased or sold to a private entity since s. 159.30, F.S., expressly prohibits a project financed under Part II, Ch. 159, F.S., from being operated by the authority or any other governmental agency.[10]
Should the authority or county, therefore, wish to operate the facility, the authority or county may wish to seek legislation specifically authorizing such an operation. I would note that the Legislature, in the past, has authorized and funded the private operation of a prison by a county.[11]
RAB/tjw
[1] See, Ch. 59-1927, Laws of Florida, as amended by Ch.s. 61-2937, 63-1997, 63-1998, and 86-382, Laws of Florida.See also, Ch. 59-1926, Laws of Florida.
[2] Section 3, Ch. 59-1927, Laws of Florida. And see, s. 9, Ch. 59-1927, Laws of Florida, which authorized the Taylor County Development Authority to issue revenue-anticipation certificates to pay the cost of any of its projects.
[3] Section 2(2), Sh. 59-1927, Laws of Florida.
[4] See, State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert.dismissed, 300 So.2d 900 (Fla. 1974); City of Cape coral v. GAC Utilities, Inc., of Florida. 281 So.2d 493 (Fla. 1973).
[5] State v. Putnam county Development Authority,249 So.2d 6, 8 (Fla. 1971).
[6] And see, s. 159.287(1), F.S., which provides:
Notwithstanding any other provision of this part or of any special act, any commission, council, board, or authority created by special act with the authority to issue bonds for the purpose of promoting economic development throughout a county shall be deemed to have been created for the purpose of issuing bonds on behalf of the county in which jurisdiction or under or by the authority of which such commission, council, board, or authority is located or is acting; any bonds issued by such commission, council, board, or authority are subject to the approval or disapproval of the county commission of such county pursuant to s. 125.01(1)(z).
Section 125.01(1)(z), F.S., provides that the legislative and governing body of the county shall "[a]pprove or disapprove the issuance of industrial development bonds authorized by law for entities within its geographic jurisdiction."
[7] And see, s. 159.27(2), F.S., defining "[c]ost."
[8] Section 159.28(4), F.S.
[9] The statute authorizes the local agency maytemporarily operate or cause to be operated the project to protect its interest pending the leasing or sale of the project in accordance with Part II, Ch. 159, F.S.
[10] As noted supra, the enabling legislation for the authority also provides that the authority may acquire property and improvements and construct buildings and plants for the purpose of selling, leasing or renting such structures toprivate persons, firms or corporations.
[11] See, Item 2084, s. 2B, Ch. 90-209, Laws of Florida. And see, AGO 91-12.