Dear Mr. Cox:
You ask substantially the following questions:
1. May the Hillsborough County Public Transportation Commission require taxicab companies to equip a specified percentage of their fleet as wheelchair accessible vehicles?
2. If not, may the HCPTC allow regulatory incentives to companies that equip vehicles within their permitted fleet as wheelchair accessible vehicles?
Question One
The Hillsborough County Public Transportation Commission (HCPTC) is an independent special district authorized to regulate the operation of public vehicles on the public highways of Hillsborough County and its municipalities.[1] For purposes of the commission's jurisdiction, "public vehicle" is defined as "a taxicab, van, limousine, handicab, basic life support ambulance, and wrecker."[2]
The enabling legislation for HCPTC provides that the commission shall "regulate and supervise the operation of public vehicles upon the public highways and in all other matters affecting the relationship betweensuch operation and the traveling public ."[3] (e.s.) In addition to its primary function of issuing permits for the operation of public vehicles, the commission is authorized, among other things, to adopt rules for safety and equipment requirements for taxicabs, limousine, vans, handicabs, and basic life support ambulances and for voice communications equipment for all public vehicles.[4] It may also provide for a safety and mechanical inspection of any vehicle for which a permit has been issued.
As an administrative agency, the commission may not exercise any power that has not been expressly granted by statute or that is necessarily implied from an express grant of power.[5] Any reasonable doubt as to the lawful existence of a particular power sought to be exercised must be resolved against the exercise of such power.[6]
The general power to regulate the operation of public vehicles such as taxis and handicabs in Hillsborough County is tempered by the absence of express language granting the commission authority to require companies with permitted taxicabs to provide a certain percentage of wheelchair accessible vehicles as a condition for receiving permits for taxicabs.[7] While the commission may determine whether the operation of a certain public vehicle serves a public convenience or necessity when a permit is being granted and may, by rule, establish a cap on the number of taxicab permits that may be issued based on the county's population,[8] neither of these powers would support expanding the commission's authority to include mandating that wheelchair accessible public vehicles be provided by permitted taxicab companies.[9]
Question Two
Section 5(1)(j), Chapter 2001-299, Laws of Florida, authorizes the HCPTC to "[f]ix or approve taxicab zones, rates, fares, and charges." Similarly, the commission may "[f]ix or approve zones, rates, fares, and charges for public vehicles other than taxicabs"[10] and may make classifications within each type of service, and fix or approve zones, rates, fares, and charges for such classification.[11] The commission also, by rule, may establish a fee schedule for annual fees for certificates, permits, and public vehicle driver's licenses.[12]
The commission's enabling act recognizes that it may grant variances and waivers in accordance with the Florida Administrative Procedure Act after it has adopted rules establishing procedures for granting or denying petitions for variances and waivers.[13] This power, along with the authority to fix or approve rates and charges for public vehicles, as well as make classifications within each type of service, would appear to allow the HCPTC to provide regulatory incentives to companies that equip vehicles within their permitted fleet as wheelchair accessible vehicles.
Accordingly, it is my opinion that while the Hillsborough County Public Transportation Commission may not require permitted taxicab companies to provide a percentage of its fleet as wheelchair accessible vehicles as a condition of obtaining permits for its taxicabs, the commission may allow regulatory incentives to companies that equip vehicles within their permitted fleet as wheelchair accessible vehicles.
Sincerely,
Bill McCollum, Attorney General
[1] Section 2(1), Ch. 2001-299, Laws of Florida.
[2] Section 3(24), Ch. 2001-299, Laws of Florida. Section 3(13), Ch.2001-299, Laws of Fla., defines "handicab" as "a vehicle designed, constructed, reconstructed, or operated for the transportation of a person with non-emergency conditions where no medical assistance is needed or anticipated; or for a person who is unable to comfortably use a standard means of conveyance; or a person who cannot enter, occupy or exit a vehicle without extensive assistance; or where specialized equipment is used for wheelchair or stretcher service; and where the chauffeur/driver serves as both a chauffeur/driver and attendant to assist in door-to-door or bed-to-bed service." Section 3(30) defines "taxicab" as "any motor-driven vehicle, equipped with a taximeter, with a capacity for 9 or less passengers, including the driver, for the transportation of for hire passengers, which operates within Hillsborough County, but does not include sight-seeing cars or buses, streetcars, or motor buses operated pursuant to franchise."
[3] Section 5(1)(a), Ch. 2001-299, Laws of Florida.
[4] Section 5(1)(m), Ch. 2001-299, Laws of Florida.
[5] See Halifax Drainage District of Volusia County v. State,185 So. 123, 129 (Fla. 1938); State ex rel. Greenberg v. Florida State Boardof Dentistry, 297 So. 2d 628 (Fla. 1st DCA 1974), cert. dismissed, 300 So. 2d 900 (Fla. 1974); City of Cape Coral v. GAC Utilities, Inc., ofFlorida, 281 So. 2d 493 (Fla. 1973). And see e.g., Ops. Att'y Gen. Fla. 02-30 (2002), 04-48 (2004), and 05-44 (2005).
[6] State ex rel. Greenberg v. Florida State Board of Dentistry,supra.
[7] It would appear that public vehicles falling within the category "handicab" are equipped for wheelchair accessibility, see n. 2,supra, thereby precluding the necessity of creating a subcategory of wheelchair accessible taxicabs.
[8] Sections 5(1)(i) and 5(2)(v), Ch. 2001-299, Laws of Fla.
[9] The authority to prescribe safety equipment for public vehicles does not allow the commission to prescribe different equipment for vehicles within a specific category, such as requiring some taxicabs to be equipped for wheelchair accessibility while other cabs in the fleet are not.
[10] Section 5(2)(jj), Ch. 2001-299, Laws of Fla.
[11] Section 5(2)(ii), Ch. 2001-299, Laws of Fla.
[12] Section 5(2)(e), Ch. 2001-299, Laws of Fla.
[13] See s. 5(2)(mm), Ch. 2001-299, Laws of Fla. Section 120.542, Fla. Stat., recognizes the potential unreasonableness and unfairness of strict application of uniformly applicable rules and prescribes the manner in which an agency may grant variances and waivers.