783 So.2d 1231 (2001)
S.T. as Next Friend and Parent of S.F., etc., Appellant,
v.
SCHOOL BOARD OF SEMINOLE COUNTY, Florida, Appellee.
No. 5D00-2569.
District Court of Appeal of Florida, Fifth District.
May 11, 2001.
*1232 Joryn Jenkins of Joryn Jenkins & Associates, Tampa, and Michael Boswell of Michael Boswell, P.A., Daytona Beach, for Appellant.
Ned N. Julian, Jr., Sanford, for Appellee.
MONACO, D., Associate Judge.
In this appeal, the appellant, S.T., as next friend and parent of S.F., a minor child, seeks review of an order of the circuit court dismissing with prejudice her petition for writ of prohibition.
S.T.'s minor son has been identified as being eligible for Exceptional Student Education (ESE) services. This controversy began when S.T. made a formal application to the Seminole County School Board requesting that her son be temporarily transferred to an ESE placement in Hospital/Homebound for eight weeks. After her request was denied, S.T. sought an ESE due process hearing pursuant to section 230.23(4)(m)5, Florida Statutes (2000) to determine the propriety of the School Board's denial of her request. In accordance with her request, an administrative law judge was assigned and a hearing scheduled.
Thereafter, the School Board requested the administrative law judge to execute subpoenas duces tecum for depositions scheduled by the School Board. S.T. objected to these discovery efforts on the ground that the Florida Administrative Code does not contemplate full discovery procedures in ESE due process hearings. In response, the administrative law judge ruled that she had jurisdiction both to authorize and to compel discovery in such hearings.
S.T. petitioned for relief in the circuit court. Relying on section 120.569(2)(f), Florida Statutes (2000), the circuit court entered a written order agreeing with the position of the School Board and determined that administrative law judges have authority to allow discovery in an ESE matter. Section 120.569(2)(f) permits an administrative law judge, in certain circumstances, to "issue subpoenas, and to effect discovery on the written request of any party by any means available to the courts" and as provided by the Florida Rules of Civil Procedure. S.T. timely appealed the denial of her petition, arguing that the trial court erred as a matter of law in holding that an administrative law judge may allow discovery in an ESE due process administrative hearing.
*1233 The authority of an administrative law judge to conduct a due process hearing in ESE cases is conferred solely by section 230.23(4)(m)5 and rule 6A-6.03311(5) of the Florida Administrative Code. Neither of these authorities, however, discuss, contemplate, or otherwise support the allowance of discovery in this particular circumstance.
Section 230.23(4)(m)5, in fact, specifically exempts ESE hearings from the provisions of section 120.569 by providing, in pertinent part:
The parent or guardian of an exceptional student evaluated and placed or denied placement in a program of special education shall be notified of each such evaluation and placement or denial. Such notice shall contain a statement informing the parent or guardian that he or she is entitled to a due process hearing on the identification, evaluation, and placement, or lack thereof. Such hearings shall be exempt from the provisions of ss. 120.569, 120.57, and 286.011, and any records created as a result of such hearings shall be confidential....
(Emphasis added). Unless created by the constitution, an administrative agency has no common law powers, and has only such powers as the legislature chooses to confer upon it by statute. See Mathis v. Fla. Dep't of Corr., 726 So.2d 389, 391 (Fla. 1st DCA 1999); State ex rel. Greenberg v. Fla. State Bd. of Dentistry, 297 So.2d 628, 636 (Fla. 1st DCA 1974). Here, the legislature chose not to confer upon the administrative law judge the power to allow discovery in this particular variety of hearing. The administrative law judge, therefore, erred in authorizing this practice, and the lower court erred in its sanctioning of it.
In support of its position, the School Board points to rule 6A-6.003311(5)(g)(1), which also governs ESE due process hearings. This rule requires the hearings to be conducted in a "fair and impartial manner." On this basis, the School Board argues that an administrative law judge has the inherent authority to cause discovery to be conducted. In view of the specific statutory language exempting ESE due process hearings from discovery, however, the argument is not persuasive.
Accordingly, the order of the trial court is reversed and remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
SHARP W., and PETERSON, JJ., concur.