PLEUS, C.J.
P.J.S., III, a minor, and his parents appeal from a final order of the Florida Administration Commission dismissing their “Third Amended Request” for a due process hearing pursuant to section 1003.57(5), Florida Statutes (2003), and for the appointment of an attorney to act as hearing officer pursuant to section 120.80(l)(a), Florida Statutes. We affirm.
*54 It is unnecessary to recite the long and convoluted procedural path the appellants have taken to get to this point. Suffice to say that in their “Third Amended Request” for a due process hearing under section 1003.57(5), the appellants added the Division of Administrative Hearings (“DOAH”) as a party respondent and requested that the Administration Commission appoint an attorney to serve as hearing officer. Ultimately, the Administration Commission dismissed the appellants’ request, concluding that it lacked jurisdiction because, among other things, DOAH was not a proper party to the due process proceeding.
On appeal, the appellants argue that section 1003.57(5), Florida Statutes (2003), did not preclude them from adding DOAH as a party respondent, nor was it exempt from section 120.80(l)(a), Florida Statutes (2003), which requires the Administration Commission to appoint an attorney to act as hearing officer when DOAH is a party to an administrative proceeding. We disagree.
Section 1003.57 relates to exceptional student instruction in the public schools. It requires district school boards to provide “an appropriate program of special instruction, facilities, and services for exceptional students.... ” Section 1003.57(5) entitles the “parent of an exceptional student evaluated and placed or denied placement” to a due process hearing on the “identification, evaluation, and placement, or lack thereof.” Section 1003.57(5) further provides that such hearings “shall be exempt from the provisions of ss. 120.569, 120.57, and 286.011” and “must be conducted by an administrative law judge from the Division of Administrative Hearings of the Department of Management Services.”
Section 1003.57 refers only to “School Boards” and “parents” as proper parties to a due process hearing. It does not authorize or contemplate adding DOAH as a party. Section 120.52(12)(a), Florida Statutes (2003), defines the term “party” in pertinent part as “[sjpecifically named persons whose substantial interests are being determined in the proceeding.” The only substantial interests being determined in a section 1003.57 due process hearing are those of parents and school boards. DOAH’s only role in a section 1003.57(5) proceeding is to provide an ALJ to conduct the due process hearing.
In addition to DOAH not being a proper party, we agree with the School Board that the Administration Commission’s authority to appoint an attorney to act as a - hearing officer only applies to administrative proceedings under section 120.57, Florida Statutes. The action below was not a proceeding under section 120.57. It was a proceeding under section 1003.57.
Section 120.80(l)(a), Florida Statutes (2003), states, “Notwithstanding s. 120.57(l)(a), a hearing in which the division is a party may not be conducted by an administrative law judge assigned by the division. An attorney assigned by the Administration Commission shall be the hearing officer.” (Emphasis added). Section 120.57(l)(a) states, in pertinent part, “Except as provided in ss. 120.80 and 120.81, an administrative law judge assigned by the division shall conduct all hearings under this subsection.... ” (Emphasis added). Thus, section 120.80(l)(a) created an exception to section 120.57(l)(a) for administrative hearings in which DOAH was a party.
For example, in Randolph v. Florida Division of Administrative Hearings, 2003 WL 22885193 (Fla. Div. Adm. Hearings 2003), a DOAH employee filed an administrative petition alleging that DOAH had discriminated against her. Because DOAH was a party to the administrative *55 proceeding, the Administrative Commission appointed an independent ALJ. In the instant case, DOAH was not a proper party.
The Legislature specifically exempted section 1003.57(5) from section 120.57. Therefore, section 120.80, which was an exception to section 120.57, did not apply to section 1003.57(5). Further, support can be found in S.T. v. School Board of Seminole County, 783 So.2d 1231 (Fla. 5th DCA 2001), which held that the former statute governing ESE due process hearing was exempt from the discovery provisions in Chapter 120.
Because DOAH was not a proper party to the section 1003.57(5) proceeding, the Commission correctly concluded that it lacked jurisdiction to appoint an attorney to act as hearing officer. Accordingly, we affirm the order of dismissal.
AFFIRMED.
SAWAYA and MONACO, JJ., concur.